**FILED**

Dec 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| |
|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIE KEITH JACKSON,<br><br>        Defendant. |

Case No. A04-0141 CR (RRB)

**INSTRUCTION TO THE JURY**

139

**INSTRUCTION NO. _/_**

Fourteen of you have been chosen as jurors in this case. Two of you are alternates, who will be selected randomly at the conclusion of the case. The law only permits twelve jurors to decide this matter. Before you take the juror's oath, I want to impress upon you the seriousness and importance of being a member of the jury. Trial by jury is a fundamental right in the United States of America. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took an oath before you were examined as to your qualifications to be jurors. Now you are called upon to take a second oath. By this oath you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you take the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that the parties or I should know about your ability to sit as a juror in this case.

THE OATH WILL NOW BE ADMINISTERED.

You are now ready to serve as jurors. To assist you in your task, I am going to summarize for you the way in which the trial will be conducted. After you have heard the evidence, I will briefly explain some of the law that you will need to know.

The trial will proceed in the following manner. First, the Government, through counsel, may make an opening statement outlining what the Government expects to prove. Next, the defendant, through counsel, may make an opening statement or may reserve it. You are reminded that the statements of counsel are not evidence, but are merely an indication of what evidence counsel expect to be presented. The Government will then present its evidence. When the Government has concluded its case, the defendant may present evidence, but is under no obligation to do so. If the defendant presents any evidence, the Government may present rebuttal evidence.

After the evidence is presented, the parties will have the opportunity to argue the case to you. This will be explained later.

After the arguments end, I will tell you about the law that applies to the case, then you will meet together to evaluate the evidence, apply the law to the evidence, and reach a verdict if you are able.

I will rely on you to determine the facts. This must be done by relying solely upon the evidence received in this trial;

you must not be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling, but must base your conclusions only upon a fair consideration of the evidence.    That evidence may include the sworn testimony of witnesses, exhibits submitted into the record, facts agreed to by the attorneys, and facts judicially noted by the court.    The evidence should be considered and viewed by you in light of your own observations and experiences in everyday life, but you may not consider any other source of information not presented to you in this Court.  Therefore, during the trial you must avoid reading any newspaper articles about the case or listening to or watching any news stories about the case.

It will be my duty to decide what law must be applied. In so doing, I will look to a number of sources:  the statutes of the United States; the decisions of the United States Supreme Court and other learned courts; and the evidence presented by the attorneys who will have appeared before you.  You must apply the law as I give it to you; you may not apply the law as you think it is or should be, or as somebody else may have told you it is.

At no time during the course of the trial will it be my intention, by anything I say or do, or by any questions that I may ask, to suggest what you should find to be the facts on any questions submitted to you, or that I believe or disbelieve any witness.  If anything I do or say seems to so indicate, you will disregard it and form your own opinion.  What the verdict shall be is your sole and exclusive duty and responsibility.

There are rules of law that prevent some types of information from being presented as evidence in a court of law. This is why objections may be made to certain questions of counsel, answers of witnesses, or exhibits. There will likely be bench conferences and legal arguments outside of your presence to discuss these rules. Basically, these rules are designed to do two things. First, they try to keep you focused on important and reliable evidence by keeping out interesting but not very important and reliable information. Second, the rules help you decide the case objectively without being swayed by information that might cause you to respond emotionally. It is because the law protects what you hear that we have such confidence in the impartiality and the integrity of the jury. You should not be influenced by the fact that objections are made to questions or to the presentation of evidence, or that requests are made that I take certain actions; nor should you be influenced by the number of objections or requests that are made. Objections or requests are not evidence. You should draw no conclusions about the case from my response to objections or requests. My rulings on these matters must be determined by the law and will not reflect anything about the merits of the case or my views of the evidence or the witness. So please remember that my rulings that exclude evidence or that bar questions are designed to help you decide the case fairly. Of course, if I decide that certain evidence should be excluded, you must disregard it. You may not speculate as to why the evidence was excluded or what it may have been.

# INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have stipulated.

Certain things are not evidence and you may not consider them in deciding what the facts are. They include the following:

1. Arguments and statements by lawyers are not evidence;

2. Questions and objections by lawyers are not evidence;

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered; and

4. Anything you may have seen or heard when the court was not in session is not evidence.

**INSTRUCTION NO.** _3_

A fact may be proved by direct evidence, by circumstantial evidence, or both.

Direct evidence is given when a witness testifies of his own actual and personal knowledge of the facts in issue to be proved.

Circumstantial evidence is given when a witness testifies to facts from which the jury may infer other and connected facts which usually and reasonably follow from the facts testified to according to the common experience of mankind.

Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

Neither type of evidence, that is neither direct nor circumstantial, is entitled to any greater weight than the other.

**INSTRUCTION NO.** $\underline{4}$

Every person who testifies under oath is a witness. You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In deciding whether to believe a witness or how much weight to give a witness's testimony, you should consider anything that reasonably helps you to judge the testimony. Among other things you should consider are the following:

1. The witness's attitude, behavior, and appearance on the stand and the way the witness testifies;

2. The witness's intelligence;

3. The witness's opportunity and ability to see or hear things about which the witness testifies;

4. The accuracy of the witness's memory;

5. Any motive of the witness not to tell the truth;

6. Any interest that the witness has in the outcome of the case;

7. Any bias of the witness;

8. Any opinion or reputation evidence about the witness's truthfulness;

9. Any prior criminal conviction of the witness relating to honesty and veracity; and

10. The consistency of the witness's testimony and whether it is supported or contradicted by other evidence.

If you believe that a witness testified falsely as to part of his or her testimony, you may choose to distrust other parts also, but you are not required to do so.

You should bear in mind that inconsistencies and contradictions in a witness's testimony, or between his or her testimony and that of others, do not necessarily mean that you should disbelieve the witness. It is not unusual for persons to forget or to be mistaken about what they remember and this may explain some inconsistencies and contradictions. And it is not uncommon for two honest people to witness the same event and see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

You may believe all, part, or none of the testimony of any witness. You need not believe a witness even though his or her testimony is uncontradicted. But you should act reasonably in deciding whether or not you believe a witness or how much weight to give to that testimony.

# INSTRUCTION NO. 5

Expert witnesses may testify in this case. These experts may have special training, education, skills, or knowledge. In deciding whether to believe them and how much weight to give their testimony, you should consider the same things that you would when any other witness testifies. In addition, you should consider the following things:

1.    The special qualifications of the expert;

2.    The expert's knowledge of the subject matter involved in the case;

3.    How the expert got the information that he or she testifies about;

4.    The nature of the facts upon which an opinion is based; and

5.    The clarity of the expert's testimony.

As with other witnesses, you must decide whether or not to believe an expert and how much weight to give to expert testimony. You may believe all, part, or none of the testimony of an expert witness. You need not believe any expert witness even though his or her testimony is uncontradicted. But you should act reasonably in deciding whether or not you believe a witness and how much weight to give his or her testimony.

You are not required to accept expert testimony as true simply because a number of witnesses agree with each other. You

may decide that even the unanimous testimony of expert witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony. When expert witnesses are in conflict, you need not accept the testimony of a majority of witnesses. As with non-expert witnesses, you may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

## INSTRUCTION NO. _6_

The distinguishing features of a criminal trial are what are known in the language of the law as the presumption of innocence and the burden of proof beyond a reasonable doubt. The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a clean slate - with no evidence favoring conviction. The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of the defendant's guilt, after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The burden of proving a defendant guilty beyond a reasonable doubt always rests upon the prosecution. This burden never shifts throughout the trial, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant has the absolute right not to testify, and you must not draw any inference against a defendant if he or she does not testify. Thus, a reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is upon the prosecution to prove every essential element of the crime charged, beyond a reasonable doubt, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution.

**INSTRUCTION NO. _7_**

Note pads and pencils will be provided to you so that you may take notes during the trial if you desire to do so. However, there are some dangers associated with note taking by jurors about which I will caution you.

First, there is the possibility that a juror may become so engrossed in taking notes that the juror may fail to see or hear other evidence, or he or she may fail to appreciate the demeanor of a witness. This should be avoided.

When a juror uses the notes during the jury's deliberations, there may be a tendency for other jurors to rely on those notes and to abandon their recollection of the evidence. If your recollection of the evidence differs from the notes taken, you should not abandon that recollection merely because of what is contained in the written notes. You should, therefore, not allow the opinion or position of a juror who is relying on written notes to be given greater weight solely because that juror took notes.

Your notes may not be taken with you on recess and should not be shared with other jurors, except for reference purposes during your deliberations.

After you have completed your deliberations, your notes will be placed into an envelope that will be provided to you when you retire to consider your verdict. The notes will be destroyed after the trial - unread.

You are instructed that although note pads are furnished, you are not required to take notes.

# INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors. First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. You must also avoid contact with any of the persons who are participating in the trial. This includes the parties, the lawyers, the witnesses, and any persons that you see in close contact with these individuals.

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own or visit the scene where any of the events took place.

Fourth, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

You are expected to evaluate the evidence independently until you are told to deliberate as a group.  Keep an open mind until then.

Remember that you are to decide the case only on the evidence presented here in court.

**INSTRUCTION NO.** _9_

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial, although you may ask that testimony be replayed if necessary.

**INSTRUCTION NO.** _10_

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the view of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

# INSTRUCTION NO. $\underline{11}$

At the close of the trial, counsel have the right to argue the case to the jury. The arguments of counsel, based upon study and thought, may be and usually are distinctly helpful; however, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deduction there from and the law as given to you by the court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn there from.

**INSTRUCTION NO.** _12_

The evidence has now been presented to you and you have heard arguments of counsel. I will now give you the instructions concerning the law to be applied to this case.

The instructions on the law given to you at the beginning of the trial are still applicable and I will not take up your time reading them again. You will have the full set of the court's instructions with you in the jury room to refer to.

Under your oath as jurors, each of you has sworn to decide the case solely on the evidence in this trial and the law as to which I will instruct you.

# INSTRUCTION NO. _13_

The Defendant is charged in Count 1 of the Indictment with Possession of 5 Grams or More of Cocaine Base with Intent to Distribute, in violation of Section 841(a)(1) and 841(b)(1)(B)(iii) of Title 21 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 10, 2004, in the District of Alaska, the Defendant, WILLIE KEITH JACKSON, knowingly possessed 5 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the Defendant knew that the substance was cocaine base, a Schedule II controlled substance. It is sufficient that the Defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

# INSTRUCTION NO. $\underline{14}$

The Defendant is charged in Count 2 of the Indictment with Possession of Cocaine with Intent to Distribute, in violation of Section 841(a)(1) and 841(b)(1)(C) of Title 21 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 10, 2004, in the District of Alaska, the Defendant, WILLIE KEITH JACKSON, knowingly possessed cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance; and

Second, the Defendant possessed it with the intent to deliver it to another person.

It does not matter whether the Defendant knew that the substance was cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance. It is sufficient that the Defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**INSTRUCTION NO.** _15_

The Defendant is charged in Count 3 of the Indictment with Possession of a Firearm During and in Relation to and in Furtherance of Drug Trafficking, in violation of Section 924(c)(1)(A) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about June 10, 2004, in Anchorage, within the District of Alaska, the Defendant, WILLIE KEITH JACKSON, committed the crime of possession of 5 grams or more of cocaine base with intent to distribute, as Charged in Count 1 of the Indictment, or the Defendant committed the crime of possession of cocaine with intent to distribute, as charged in Count 2 of the Indictment, or both;

Second, that the Defendant knowingly possessed a firearm; and

Third, the Defendant possessed the firearm in furtherance of the crime of possession of 5 grams or more of cocaine base with intent to distribute, as alleged in Count 1 of the Indictment, or possession of cocaine with intent to distribute, as alleged in Count 2 of the Indictment;

As used in these instructions, the term "in furtherance of" means that the Defendant possessed the firearm to promote, advance, or facilitate the crime charged in Count 1 or 2.

# INSTRUCTION NO. _16_

The Defendant is charged in Count 5 of the Indictment with Possession of 5 Grams or More of Cocaine Base with Intent to Distribute, in violation of Section 841(a)(1) and 841(b)(1)(B)(iii) of Title 21 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 14, 2004, in the District of Alaska, the Defendant, WILLIE KEITH JACKSON, knowingly possessed 5 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the Defendant knew that the substance was cocaine base, a Schedule II controlled substance. It is sufficient that the Defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**INSTRUCTION NO.** $\underline{17}$

You are instructed that each Count of the Indictment charges a separate and distinct offense. You must decide each Count separately on the evidence and the law applicable to that Count, uninfluenced by your decision as to any other Count. You may acquit or convict a defendant on any or all of the Counts. A defendant's guilt or innocence of a crime charged in one Count should not affect your verdict on any other Count.

# INSTRUCTION NO. _18_

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO.** $\underline{\phantom{x}/9}$

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the Defendant committed the crime charged, unless you find that the Defendant was a participant and not merely a knowing spectator. The Defendant's presence may be considered by the jury along with other evidence in the case.

**INSTRUCTION NO.** _20_

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

# INSTRUCTION NO. $\frac{21}{}$

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**INSTRUCTION NO.** 22

The Defendant is on trial only for the crimes charged in the Indictment, not for any other activities.

**INSTRUCTION NO.** $\underline{23}$

When, as in this case, it is alleged that the crime charged was committed "on or about" a certain date, if the jury finds that the crime was committed, it is not necessary that the proof show that it was committed on that precise date.   It is sufficient if the proof shows that the crime was committed on or about that date.

**INSTRUCTION NO.** $34$

In arriving at a verdict in this case, the subject of penalty or punishment is not to be discussed or considered by you, as that matter is one that lies solely with the court and must not in any way affect your decision as to the innocence or guilt of the defendant.

**INSTRUCTION NO. $25$**

If it becomes necessary during your deliberations to communicate with me, you may send a note to me by giving it to the bailiff who will be outside of your jury room during your deliberations. The note must be signed by your foreperson, or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me by any means other than by a signed writing. The writing should contain the date and time of the communication. I will never communicate with any member of the jury on any subject touching on the merits of the case, other than in writing, or orally here in open court.

The bailiff, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

Bear in mind also that you are not ever to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, until authorized by the court.

Any violation or perceived violations by a fellow juror of any item about which I have cautioned you is to be reported by you, as a body or individually, to me.

**INSTRUCTION NO.** $\mathcal{36}$

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if that can be done without violence to individual judgment.

Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with the other jurors.

In the course of deliberations, a juror should not hesitate to re-examine his or her own views and change his or her opinion if convinced it is erroneous.

But no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

**INSTRUCTION NO.** $\mathscr{27}$

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It is rarely productive or good for a juror at the outset to make an emphatic expression of opinion on the case or to state how the juror intends to vote. When one does that at the beginning, the sense of pride may be aroused, and the juror may hesitate to change position even if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but are judges.

**INSTRUCTION NO.** _28_

You were accepted as jurors in this case in reliance upon your answers to the questions asked you concerning your qualifications. You are just as much bound by those answers now, and until you are finally discharged from further consideration of this case, as you were then. The oath taken by you obligates you to try this case well and truly and to render a true verdict according to the law and the evidence. Both the government and the defendant have a right to expect that you will conscientiously consider and weigh the evidence and apply the law of the case, and that you will reach a just verdict.

Upon returning to the jury room to commence your deliberations, you will take with you these instructions, the exhibits, and verdict forms. You will then select one of your fellow jurors to act as foreperson, who will preside over the deliberations and who will complete and sign the verdict to which you have agreed. Before you may return a verdict in this case, it must be unanimous.

**INSTRUCTION NO.** $29$

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**INSTRUCTION NO. 30**

On the day you reach your verdict, if you should agree upon your verdict before 4:30 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 4:30 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this 30 day of November, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

FILED

NOV 3 0 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

**INSTRUCTION NO.** *31*

Ladies and Gentlemen, you have completed much of your work in this matter. However, there is still one more Count that was set forth in the Indictment that has yet to be addressed. This must be considered separate and apart from the verdicts already reached on the four Counts just decided. Your verdicts as to Counts 1, 2, 3, and 5 must not influence your independent consideration of Count 4. However, the jury instructions previously given, including the definition of "possession" and "knowingly," do apply to your consideration of this additional Count. And you still must be convinced beyond a reasonable doubt that the Government has proven each of the elements of this additional Count before entering a verdict of guilty.

# INSTRUCTION NO. _32_

The Defendant is charged in Count 4 of the Indictment with Felon in Possession of a Firearm, in violation of Section 922(g)(1) and 924(a)(2) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about June 10, 2004, in the District of Alaska, Defendant did knowingly possess, in or affecting commerce, a firearm, to-wit: an H&R .22 caliber handgun, model number 930, serial number BB029491;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that in August 1995, the Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

WILLIE KEITH JACKSON,

       Defendant.

Case No. A04-0141 CR (RRB)

**VERDICT 4**

We the Jury, duly empaneled and sworn to try the above-entitled cause, do find the Defendant, WILLIE KEITH JACKSON, _____ (Guilty or Not Guilty) of the crime of Felon in Possession of a Firearm, as charged in Count 4 the Indictment.

ENTERED this _____ day of _____, 2005.

_____

JURY FOREPERSON