**FILED**

DEC 0 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Willie Jackson, pro se
Anchorage Correctional Complex East
1400 E. 4th Ave.
Anchorage Alaska, 99501

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. A04-0141 CR (RRB) |
| ) | **OBJECTION TO ENHANCED STATUTORY** |
| Plaintiff, ) | **PENALTIES PURSUANT TO 21 U.S.C.** |
| ) | **§ 851** |
| vs. ) | |
| ) | |
| WILLIE KEITH JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The pro se Defendant Jackson objects to the Prosecution's **in Court filing** of its Notice of Intent to Seek Enhanced Statutory Penalties Pursuant to 21 U.S.C. §851, on November 22, 2005. Which, Jackson voiced **in open Court on November 23, 2005.**

The Felony being used [4FA-S95-2581 CR in front of Judge Seavell] is outside of the Ten year limit to impose Enhancement under The Federal Guidelines: 4A1.2 Applicable Time Period. (e)(2) Any other prior sentence that was imposed within ten years of the defendants commencement of the instant offense is counted. . . .

(3) **Any prior sentence not within the time perods specified ... is not counted.**

> Sole time constriant addressed in 21 USCS § 851 (e) is limitation on defendant's ability to challenge conviction, thus, **sentencing enhancement based on prior felony drug offense that was over ten years old was not prohibited.** U.S. v. Pherigo, 327 F3d 690, (2003 CA8 Mo), 61 Fed Rules Evid. ser. 312.

The Enhancement ˅*requested* is based on 4FA-S95-2581 CR, and

141

1

the misguided belief that the, <u>Third Corrected Judgment and Order of Commitment/Probation (As ordered upon remand)(to strike restitution)</u>, which was imposed on January 23, 1996, was also the imposition of that sentence, **which is incorrect. The sentence itself in that Case was imposed in October of 1995 (over the Ten year limitation, as provided in the Federal Guidlines at 4A1.2(e)(3).** The <u>Corrected Orders</u> only dealt with **striking of a Restitution Order** that kept inadvertently getting written into the <u>Orders</u>.

The only prior conviction to which the Prosecution references in the <u>Third Corrected Judgment...</u>, of which actual date of that offense was on August 8, 1995 [Jackson was originally committed, with not one thing being altered as to that committment order, whatsoever, in October of 1995]. **The Government information to be used for enhancement must be filed before trial.** See <u>U.S. v. Hamilton</u>, 208 F3d 1163 2000 U.S. (9th Cir. March 24, 2000); Also see <u>U.S. v. Severino</u>, 268 F3d 850 (9th Cir. Sept. 28, 2001) ("...The courts expect "strict compliance"...").

Given, that:

1) Sentencing enhancement based on prior felony drug offense that was over Ten years old is not even addressed, therefore not prohibited under 21 U.S.C. § 851. See <u>U.S. v. Pherigo</u>, 327 F3d 690. And, enhancements by crimes <u>over</u> a Ten year period, **not to be counted are clearly addressed within the Guidlines at 4A1.2 (e)(3);**

<u>But more importantly</u> !

2

2)   **The lack of the correct information** before the November 28, 2005 commencement of Trial, as to the order which meaningfully imposed Jackson's sentence in 4FA-S95-2581 (as opposed to the other Three attempts to corect a Judgment of restitution which had to be stricken, per order in civil case) and the Court strictly enforcing compliance with 21 USC § 851, as a must.  See <u>U.S. v. Hamilton</u>, Id: <u>U.S. v. Severino</u>, Id.,

Jackson objects, and expects that the Court rule the enhancement as misplaced.

    Respectfully submitted at Anchorage on December 7, 2005.

                                                          */s/ Willie Jackson*
                                                          Willie Jackson
                                                          Pro se

A04-0141--CR (RRB)
---------------------
D. NESBETT (AUSA)