Willie Jackson, pro se
SeaTac - FDC
P.O. Box 13900
Seattle, WA. 98198-1090

RECEIVED
JAN 0 9 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE KEITH JACKSON,<br><br>Defendant. | COA NO. _____<br>TC NO. A04-0141 CR(RRB)<br>MOTION TO SHOW CAUSE WHY MOTION AT DOCKET NUMBERS: 140; 141; 143, ETCETRA, HAVE NOT BEEN TIMELY RESPONDED TO BY THE COURT |

The prose Apellant Jackson (in accordance with FRAP 5; 9; 18 USCS §3146-3148, and 28 USCS §1292, ask that this Court show cause why it has not timely responded to various motions which are critical to a timely progression of issues forthwith independent of the February 9, 2006 sentencing date, in accordance with 18 USCS §§3146-3148 and 28 USCS§1292 [at Docket #s 140; 141 and 143].

For instance (among other important issues, at Docket #'s 140 and 141], the Court has responded in a timely fashion to the Prosecutions Motion to Dismiss at Docket

1

No. 142, in Two and Five days [12/14/05 and 12/19/05 respectively]. But, in the instance of the Motion to Withdraw as Counsel effective Post-sentencing by Attorney Karren Jennings, for one [Filed one day after the prosecutions Motion to Dismiss (12/12/05) on 12/13/05], there has been no response whatsoever by the Court.

The Court is well aware of the pro se litigant's Filings in his pursuit of Appeal under 18 USCS §§ 3146-3148 and 28 USCS § 1292. At Docket No. 142 it requests; "Mr. Jackson wants to pursue his appeal... he informed the undersigned he has already started work on the appeal

Since Mr. Jackson has qualified for court-apointed counsel and has no resources with which to pay for transcripts and such, it is requested that he be granted pauper's status so that these items may be provided to him free of charge."

Given, the Court has not yet address Docket No. 142 amongst the other motions it has yet to acknowledge, the court is effectively blocking Jackson from persuite of his Appeal, by dis-allowing him Transcripts at government expense.

Therefore, Jackson ask that the court respond to the various motions, so that he may go forward with the Appeal process under 18 USCS § 3146-3148 and 28 USCS § 1292.

2

As well, being pointed out at Docket No. 140 (Motion to Retain Possession of Legal Material of Jackson on Appeal) and Docket No. 143 ["...he has already started work on the appeal"], the initial work on the Briefing on Appeal has already been started by Jackson. The Files which contain the Documentation are at the Anchorage Correctional Complex East, where Jackson was denied his Files during Transfer.

Without having proper access to his Files, Jackson is being denied proper access to the District and Appellate Courts, without cause.

Thus, Jackson ask the Court to properly and timely issue orders, now, so that he might retrieve his pro se Files to effect his Appeal, now, under 28 USCS §1292 and 18 USCS §§ 3146-3148, at government expense. And, properly prepare, now, for the February 9, 2006 sentencing concerning Motion raised at Docket No. 141 (objections to governments notice of intent to seek enhanced statutory penalties).

Respectfully submitted at Seattle Washington on January 6, 2006.

*Willie Jackson*
Willie Jackson
Pro Se

A04-0141 CR(RRB)
D NESBETT

3