Willie Jackson, pro se
SeaTac - FDC
P.O. Box 13900
Seattle, WA 98198-1090

RECEIVED
JAN 1 2 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE KEITH JACKSON,<br>Defendant. | COA NO. _____<br>TC NO. A04-0141 CR(RRB)<br><br>**MOTION TO RE-TEST ALL DRUG EVIDENCE FOR QUALITATIVE AMOUNT IN ACCORDANCE WITH FEDERAL GUIDELINES AND/OR DISMISS FOR FAILURE TO COMPLY WITH 21 USCS §§§ 880; 823; and 822(b)&(d)** |

The pro se Defendant/Appellant [28 USCS § 1292 & 18 USCS §§ 3146-3148] Jackson ask that this Court Re-test and/or dismiss for failure to comply with Federal Guidelines requiring qualitative amounts to be used in calculating offense levels as opposed to net weight,

1

and 21 USCS §§ 880; 823; and 822(b)&(d).

The Net weight was used in the State Lab Report results, of which lab results had no grant of authority from the Attorney General under 21 USCS § 880, in compliance with 21 USCS § 823 or 822(b)&(d).

Furthermore, if a substance can be readily separated from the drug to be used, it must. Resulting in a "Qualitative Result" [Amount of Pure Drug], which is the results that are refered to in the Guidelines and is refflected on the <u>chemical Analysis Reports</u> offered by duly authorized Labs, by the Attorney General, such as; The <u>U.S. Department of Justice Drug Enforcement Administration Western Labortory</u>, at San Francisco California.

Therefore, the incorrect Net Weight used by the Unauthorized State of Alaska Lab, as for purposes of Federal prosecution [to which Lab Tech. Jaste Hurdy testified at Trial to repeatedly, is good as to prosecutions for the state of Alaska], CAN NOT BE USED AS

2

TO SENTENCING IN CALCULATING OFFESE LEVELS. Given, it is the Amount of pure Drug [qualitative] results which are represented in the Chemical Analysis Report [Federal Equivalant to the State Lab Report used in this case], which must be used, and issue which was thoroughly covered during cross by Ms. Tennings at Trial.

As well, by the same token, the information given to the Jury concerning the drug amounts were incorrect, and subsequent information that may be derived from a Federal Re-Testing will not have been heard by that Jury, and since the evidence in question was housed at an unauthorized lab, re-testing might not overcome the deficiencies created in this case.

Now, Jackson ask that this court re-test all drug evidence for qualitative amount and/or dismiss.

Respectfully submitted on January 8, 2006, at Seattle Washington.

A04-0141 CR (RRB)
D. NESBETT

*Willie Jackson*
Willie Jackson
Pro Se

3