RECEIVED

MAR 0 7 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Willie Jackson, pro se
SeaTac - FDCS
P.O. Box 13900
Seattle WA. 98198 - 1090

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | COA No. 05-30626 (bail) |
| Plaintiff, ) | DC No.  A04-0141 CR (RRB) |
| ) | |
| vs. ) | **MOTION TO RECONSIDER** |
| ) | **MINUTE ORDER FROM CHAMBERS** |
| WILLIE KEITH JACKSON, ) | (Dated: February 22, 2006 |
| ) | and received by Jackson on |
| Defendant. ) | February 27, 2006) |
| ) | |

The pro se Appellant Jackson had not received the <u>Minute Order from Chambers</u>, dated February 22, 2006, until February 27, 2006, at which time Jackson had already, mailed <u>Dismissal of Count 4 for want of Prosecution</u> and <u>Addendum</u>, that was also served upon opposing Counsel [as well as every other piece of Documentation (in particularly, the <u>Motion for Mistrial as to Count 4 of Indictment</u>)].

The pro se Defendant Jackson is not sure if the Court takes the position that Jackson is not serving Ms. Jennings with copies of his pleading or is he serving Mr. Nesbett with pleading, when the Court states: "Defendant has not been serving counsel with his motions".

Jackson has had the envelope, containing, <u>Motion for Mistrial as to Count 4 of Indictment</u> and <u>Cause as to why Appeal Appears to be untimely</u> [Filed with 9CCA] **returned**.  The address [David Nesbett (AUSA), 222 W. 7th Ave., Anchorage Alaska 99513] in cases where Jackson did not have access to the more detailed address (containing Rm 252, #9, and rout # 7567) **due to being separated from his Files,** was used, which appears on Attached.  See Attached.  Jackson has never had a problem with using that address in the past.  Therefore, **Jackson contend he did in fact properly serve the prosecution.**

1

And, Jackson has informed Ms Jenings of every filing [thou he may have not mailed every filing to her], and have had no instance of double filing.

Jackson has been filing pro se motions since 6/15/05 at Docket # 86, while represented by Counsel, and has never failed to make required service on the Prosecution. See Attached. Jackson had presented every idea, which became the subject of the <u>Motions</u> filed by him, to Ms. Jennings.

Thus, to prevent Jackson from preserving his rights due to the misconception he had not serve the prosecution with due diligence, or kept Ms. Jennings abreast of his intentions to prevent redundant filings, would be unfair and improper at this point.

Therefore, Jackson ask that he be allowed to continue to file on his own behalf, given he has done nothing wrong nor are the issues raised frivolous. As well, Jackson would like to continue to limit his potential ineffective assistance claims, already evident in the case of his previous co-Counsel Mr. Deini [which was the reason he gained co-counsel status with both Mr. Deini and Ms. Jennings (on her advise), on appeal]. To prevent Jackson from filing on his own behalf would cause irreparable damage and/or unnecessary litigation while on appeal.

Respectfully submitted on March 1, 2006, at Seattle Washington.

*Willie Jackson*
Pro se

0A-0141--CR (RRB)
--------------------
D. Nesbett
K. Jennings

2