IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>WILLIE KEITH JACKSON,<br><br>      Defendant. | Case No. 3:04-cr-0141-RRB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION, IN PART, AND DENYING MOTION FOR MISTRIAL** |

      Before the Court is Defendant's Motion to Reconsider Minute Order from Chambers at Docket 169, in which Defendant asks the Court to rule upon his Motion for Mistrial filed at Docket 163. The Court previously declined to rule upon this motion because it was not filed by Defendant's counsel and did not appear to have been served on either Defendant's attorney or upon the United States.

      The Court is very much aware of Defendant's intent to appeal in this matter. He certainly is entitled to do so. That is partly why the Court has attempted to make the record as clear as possible and has, since the trial occurred, only entertained motions filed by Defendant's attorney. Moreover, the United States

filed its Intention to Non-Respond at Docket 160 to matters filed by Defendant while he was represented by counsel. Nevertheless, Defendant continues to want to have both the benefit of counsel and to speak for himself and has filed numerous documents with the Court. Sentencing is now approaching and the Court remains desirous that the record be as clear as possible for purposes of appeal. Therefore the Court will **GRANT** Defendant's Motion to Reconsider at Docket 169 and will address the Motion for Mistrial. Furthermore, inasmuch as the Motion for Mistrial is without merit, on its face, the Court will address the matter <u>sua sponte</u> and will not require a response from the United States.

In this case, the jury was to first address the drug related charges set forth in Counts 1, 2, 3, and 5 of the Indictment. Once the jury resolved those claims, the jury was to be told of the felon in possession charge set forth in Count 4 of the Indictment and address that. This procedure was followed so as to not prejudice the jury with Defendant's criminal history when considering the drug-related claims. After deliberating for some time, the jury found Defendant guilty of Counts 1,2, and 5 of the Indictment, but was not able to reach agreement with regard to Count 3, possession of a firearm during and in relation to and in furtherance of drug trafficking. The Court briefly questioned the jury foreperson in open court and concluded that the jury was, in

fact, unable to reach a verdict as to this Count. No one objected to the Court's questions or the dialogue that occurred at the time. The Court then declared a mistrial as to Count 3 and proceeded to instruct the jury with regard to the remaining Count. The jury continued its deliberations and some time thereafter returned a guilty verdict as to the one remaining charge. Defendant now asks the Court to declare a mistrial as this charge, to Count 4, on the theory that the jurors were somehow impacted by the brief colloquy that occurred when the Court questioned the jury as to their ability to reach agreement regarding Count 3. Defendant argues that body language he observed between the foreperson and one of the jurors somehow placed pressure on the juror who held out for acquittal on Count 3 to later convict him as to Count 4. The Court, however, did not observe the body language Defendant refers to and has no idea who or how many jurors supported conviction. No one knows this. In fact, the Court went to great effort to ensure that Defendant received a fair trial and was impressed with the very professional manner in which the jury conducted itself in this matter. But presuming Defendant's observations to be accurate, it is difficult to see how a juror holding out as to one count would be subsequently intimidated as to other counts. To do so, the juror would have to specifically ignore the oath taken. Furthermore, all of the jurors initially agreed that Defendant was

guilty of Counts 1, 2, and 5. The one area of disagreement was the one area of conflicting evidence during trial. It is not surprising that they were unable to reach an agreement as to that Count. The evidence as to Court 4, however, was overwhelming against Defendant. He was a felon and he did possess a firearm at the time in question. To suggest that a juror would have to be intimidated to reach such a conclusion is absurd. The juror/jurors who were uncertain as to whether the firearm was possessed "in furtherance of drug trafficking" clearly had no reasonable doubt as to whether Defendant did in fact possess the firearm in question which firearm was produced as evidence at trial. There is nothing inconsistent or inappropriate about this conclusion and nothing to suggestion that intimidation factored in any way into the verdicts reached. Therefore, even if the facts were construed exactly as Defendant suggests, there is no merit to Defendant's request for mistrial. Defendant's Motion for Mistrial is therefore **DENIED**.

    ENTERED this 9th day of March, 2006.

                              /s/ RALPH R. BEISTLINE
                              UNITED STATES DISTRICT COURT