DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:04-cr-141-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| WILLIE K. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, WILLIE K. JACKSON, who is scheduled to be sentenced on March 14, 2006.  For the reasons provided below, the government concurs with the recommendations made by the final presentence report and recommends a sentence within the United States Sentencing Guideline (USSG) range of 210-262 months imprisonment.

I. BACKGROUND

On November 30, following a trial by jury, the court found the defendant guilty of Counts 1, 2, 4, and 5 of the Indictment.  The court declared a mistrial as to Count 3 (the jury was unable to reach a verdict) and granted the government's motion to dismiss Count 6.  On December 19, pursuant to a motion by the government, the court entered a judgment of discharge as to Count 3.  Throughout the proceedings from arraignment to jury verdict, the defendant persisted in his argument that, during his contact with law enforcement on two different occasions, he possessed a total of over 35 grams of cocaine and over 40 grams of cocaine base for personal use only.  The defendant also denied possessing a firearm found in his bedroom.  The jury did not believe him.  The court ultimately found that the defendant on two occasions possessed with intent to distribute 5 grams or more of cocaine base, and on one occasion possessed cocaine with intent to distribute.  The court also found that the defendant possessed a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

On November 22, 2005, several days before trial, the government filed a notice of intent to seek enhanced statutory penalties pursuant to 21 U.S.C. § 851, which increased the statutory penalties on Count 5 to the following: 10 years to life

imprisonment; a $4,000,000 fine; a minimum of 8 years of supervised release; and a $100 special assessment. In August of 1995, the defendant was convicted in state court of Misconduct Involving a Controlled Substance in the Fourth Degree, in violation of A.S. § 11.71040(a)(3)(A), a Class C felony. A copy of that judgment was attached to the government's filing as the basis of the government's notice.

II.   SENTENCING CALCULATION

    A.   Statutory Maximum Sentence

Count 1: Possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii): (1) forty (40) years with a mandatory minimum of five (5) years imprisonment; (2) a $2,000,000 fine; (3) a $100 mandatory special assessment; and (4) five (5) years of supervised release.

Count 2: Possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C): (1) twenty (20) years imprisonment; (2) a $1,000,000 fine; (3) a mandatory $100 special assessment; and (4) three (3) years of supervised release.

Count 4:    Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2): (1) ten (10) years imprisonment; (2) a $250,000 fine; (3) a $100 mandatory special assessment; and (4) three (3) years supervised release.

Count 5:    Possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii): (1) Life in prison with a **mandatory minimum (10) years imprisonment**; (2) a $4,000,000 fine; (3) a $100 mandatory special assessment; and (4) a **mandatory minimum eight (8) years of supervised release**.

B.    Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR. The PSR remained relatively unchanged as to the defendant's objections. The range of imprisonment pursuant to the USSG is 210 months to 262 months imprisonment. The defendant has not established any reasonable argument for a reduction in either the offense level or the criminal history category.

      1.      The Defendant Has Not Demonstrated Acceptance of Responsibility

The defendant is entitled to a reduction in sentence only when he "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). Thus, this reduction applies only if the defendant has made an affirmative showing of such acceptance of responsibility. See e.g., United States v. Bunnell, 280 F.3d 46, 50 (1st Cir. 2002) (reduction denied because defendant's statements at sentencing did not reflect acceptance of responsibility). Here, the defendant to date has never demonstrated acceptance of any responsibility; he has not earned such a reduction.

      (a)      The Defendant Has Acted in a Manner Inconsistent with Acceptance of Responsibility

The defendant from arraignment, throughout the trial, and through to sentencing has put the government to its burden of proof and has denied the essential factual elements of guilt. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 application note 1(a). In his pleadings and during the trial, the defendant denied the essential factual elements of guilt to the charges to which he was later found guilty. For example, the defendant persisted in his argument that he is an addict,

not a dealer.  He consistently argued that the controlled substances he possessed were for personal use only.  He always denied the factual elements of the crime of distribution of a controlled substance.

In addition, the defendant denied possessing the firearm on June 10, 2004.  The black bag contained close to 30 grams of cocaine and over 12 grams of crack cocaine.  The gun was found next to the black bag.  During his closing argument at trial, the defendant claimed that he did not possess the handgun, that it was too small to fit in his hands.  The defendant even contested the validity of the prior felony conviction used by the government as the basis for the requisite prohibition against possessing firearms.

Again, more than contesting his constitutional rights, the defendant has consistently denied the factual elements of the crime of possession of a weapon after having been convicted of a crime punishable for more than one year.  Furthermore, in the face of the defendant's claims to the contrary, the court has determined this relevant conduct to be true.

The defendant also claimed that he was the unfair and unlawful target of law enforcement.  PSR at paragraph 140.  He consistently contested the testimony of the police officers.  See e.g., Defendant's Motion to Strike Testimony of Officer Carson.  During his testimony at the evidentiary hearing and in his objections to

the PSR, the defendant accused the Anchorage Police of fabricating testimony as a "ruse" to stop the vehicle on August 14, 2004. See United States v. DeLeon-Rodriguez, 70 F.3d 764, 767 (3d Cir. 1995) (reduction for acceptance of responsibility denied because defendant contested testimony of police officer). The defendant, again, has acted in a manner inconsistent with acceptance of responsibility.

### (b) The Defendant Did Not Withdraw from Criminal Conduct

One way for the defendant to demonstrate acceptance of responsibility is by a "voluntary termination or withdrawal from criminal conduct or associations." USSG § 3E1.1 application note 1(b). The defendant was found by this court to have resumed distributing controlled substances within 7 days of being released on bail to a third party custodian during the pendency of the state case charging him with none other than distribution of controlled substances. Moreover, although he was never convicted of a possessing a handgun on August 14, 2004, the defendant was nevertheless found living in a bedroom with handgun under the mattress. See e.g., United States v. Carrington, 96 F.3d 1, 9-10 (1st Cir. 1996) (reduction denied because defendant, after arrest for fraud, attempted to obtain and deposit fraudulent bank drafts). Far from withdrawing from criminal conduct, the defendant

continued to engage in the distribution of controlled substances even after his arrest for that same criminal conduct.

      (c)    <u>The Defendant Did Not Voluntarily Surrender After Commission of the Offense</u>

Another method of demonstrating acceptance of responsibility is to voluntarily "surrender to authorities promptly after commission of the offense." USSG § 3E1.1 application note 1(d). Here, the defendant on both occasions struggled and attempted to flee from the officers when contacted. On both occasions it took more than one officer to subdue the defendant and at no point was he ever compliant, let alone cooperative, prior to being handcuffed.

Ultimately, the adjustment for acceptance of responsibility is not intended to apply to a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." 3E1.1 application note 2. Here, the defendant put the government to its burden of proof at trial, denied the essential factual elements of guilt, was convicted, and even still has refused to admit guilt, much less express remorse.

The defendant argues that because he failed to argue against possession of a controlled substance he is entitled to the reduction. His argument fails to take into

account his denial of the factual elements of distribution of a controlled substance and possession of the firearm.  His argument further fails to take into account that, to this moment, he still has refused to take responsibility for the crimes to which he has been convicted.  Finally, any acceptance of responsibility made at the sentencing hearing, after he has had a chance to review the sentencing memoranda and final PSR, would likely be only a self serving and disingenuous statement running contrary to the actions he has taken throughout these proceedings.  The defendant's acceptance of responsibility is limited to accepting in his own mind that the government is solely responsible for his criminal conduct and his conviction.  The defendant is simply not entitled to a reduction in his sentence based on acceptance of responsibility.

### 2. The Defendant's Criminal History Category Accurately Reflects the Seriousness of His Past Criminal Conduct

The defendant argues that Criminal History Category VI over represents the seriousness of his past criminal conduct.  The defendant argues that he is "an addict with an addict's problems," that he does not have an assaultive or violent history, and that he has been targeted as an African American.  PSR at paragraph 140.

The PSR calculates that the defendant has accumulated 22 criminal history points.  In order to qualify for Criminal History Category VI, a defendant must

have 13 or more points. The defendant has 9 more points than are necessary to qualify for Criminal History Category VI. Furthermore, 22 points reflect only those criminal convictions that were counted. The defendant has 15 prior convictions, replete with theft offenses, controlled substance offenses, resisting arrest offenses, criminal trespass offenses, and driving offenses, in addition to multiple probation violations, all spanning nearly 20 years of consistent criminal conduct. The criminal history category accurately reflects the defendant's past criminal conduct.

Based on the foregoing, the government recommends that the court impose a sentence within the guideline range. Nothing exists either in the facts of the case or in the criminal history of the defendant that warrants a downward departure from the guidelines. A sentence within this range would appropriately recognize the seriousness of defendant's offense conduct. In addition, a sentence within the guideline range accommodates the Congressional purpose of obtaining fair sentences which are uniform to the extent possible.

III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence in the middle of the sentencing guideline range, or 228 months. Such a sentence

would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **228 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A eight (8) year period of supervised release,** and

(5)   **A special assessment in the amount of $400.00** is, of course, required.

RESPECTFULLY SUBMITTED this 9th day of March, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing
was served electronically on:
Karen Jennings

s/ David A. Nesbett