Willie Jackson, pro se
ACCE
1400 E. 4th Ave.
Anchrage Alaska, 99501

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>            Plaintiff,       )<br>                             )<br>    vs.                      )<br>                             )<br>WILLIE KEITH JACKSON,        )<br>                             )<br>            Defendant.       )<br>_____) | COA No. _____(by permission)<br>COA No. 05-30626 (bail)<br><br>DC No. ~~A04-0141-CR (RRB)~~<br>3:04-cr-00141-RRB<br>ADDENDUM<br>TO<br>OBJECTIONS<br>UNDER FRCrP 32<br>IN THE EVENT OF JUDGE TRIED<br>SENTENCING ON FACTS UNDERLYING<br>CALCULATIONS OF BASE OFFENSE<br>LEVEL NOT FOUND BY JURY<br>BEYOND A REASONABLE DOUBT |

The pro se Defendant Jackson ask that the Court recognize his Sixth Amendment Right to be tried and sentenced on facts that increase the penalty for a crime, by jury.

"The Sixth Amendment requires jury determinations where any fact "increases the penalty for crime". See U.S. v. Apprendi, 530 U.S. at 490. Therefore, Jackson states, he has never agreed to have any portion of the proceedings tried by a Judge, which increases the penalty for a crime. To allow the Court now to make determinations on fact that would increase the penalty of a crime, such as those bolstered by the PSR, would be a violation of Jackson's Sixth Amendment Rights. See Apprendi, Id.. In other words imposition of any sentence by this Court would violate Jackson's Sixth Amendment Rights, due to the facts underlying the calculation of his base offense

1

level and his sentence enhancement were **not found by a jury beyond a reasonable doubt.** And, any attempts to correct the situation at this point could possibly be a violation of right to a speedy trial.

"In Booker, the United States Supreme Court struck down the sentencing scheme created by the Sentencing Reform Act mandated the imposition of sentences predicated on facts not found by the jury or admitted by the defendant. ... The Sixth Amendment precludes a judge from enhancing a sentence based on extra-verdict findings (other than the fact of prior conviction) in a mandatory sentencing regime." . U.S. v. Ameline, 409 F3d 1073 (June 1, 2005).

"... under the Sixth Amendment, any fact other than a prior conviction that was necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict had to be admitted by a defendant or proved to a jury beyond a reasonable doubt." U.S. v. Booker, 543 U.S. 220 (Ja. 7, 05) Also, see U.S. v. Yager, 404 F3d (6th Cir 2005, March 8) ("district court's reliance on judge found facts to apply a six-level enhancement of defendant's offense level under sentencing guidelines violated defendant's Sixth Amendment right to trial by jury".

### COMMENTARY ON THE PRE-SENTENCE REPORT

1) At the Ofjection to ¶97 [on page 26 of PSR] Draft Ms. Shaw further attempts to assinate Jackson's character. No matter how the perception of what Jackson actually told Ms Jennings and how that related to Ms Shaw, for her to say

that the alcohol affected Jackson's memory. Ms. Shaw has no right to insult Jackson as such.

Possibly, the alcohol and/or pills she takes cause her to state: **"on October 12, 1005, the defendant committed the offense Driving While intoxicated."**. Which at best one might think she made a simple typo and meant to write **2005** [as opposed to **1005**]. At, which time Jackson would have been in Jail on this Charge. Though, she corrects her mistake in her Addendum, Willie Keith Jackson of the Pre-Sentence Report, she never admitts that the mistake was hers, as she states, "No change has been made to the draft pre-sentence report in response to this objection". **Which would make her a drug abusing alcoholic who is in denial and is a lier,** if any derogatory thing she has said concerning Jackson is true, in this particular instance.

2) At the Objection to ¶ 111, where Ms. Shaw takes another stab at Jackson in stating: "Jackson may also think the sky in green", Jackson's response, is, hold your head up and watch the Alaskan night sky during an Aurora. But, most importantly Ms. Shaw should learn to interpret the Caselaw which Jackson has provided, as oppose to resting on her interpretation minus any Supporting Caselaw.

## CONCLUSION

Jackson ask that the Court observe the Caselaw presented herein and give appropriate remedy.

Dated on  14  of March, 2006, at Anchorage Alaska.

3

_____
Willie Jackson

Pro se