*Case# 3:04-cr-00141-RRB*

## MAXIUM MEANS - MAXIMUM THAT JURY VERDICT ALONE WILL ALLOW NOT MAXIMUMSUGESTED BY LAW THAT ADDITIONAL FINDINGS OF FACT WOULD BE REQUIRED BY A JUDGE

The "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose **soely on the basis of the facts reflected in the jury verdict or admitted by the defendant...** In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, *but the maximum he may impose without any additional findings,*. **When a judge inflicts punishment that the jury's verdict alone does not allow,** the jury has not found all the facts "which the law makes essential to the punishment", and the *judge exceeds his proper authourity.*. U.S. v. Ameline, 376 F3d 967 at 975.
The Court held that the trial judge's sentence of 90 months violated this principle because it was not justified " solely on the basis of facts admitted in the guilty plea" but rather involved judicial fact-finding of aggravating factors which increased the sentence. Blakely, 124 S.Ct. at 2537.

### GUN

In Jackson's case of felon impossesion the only thing possibly proven by the jury is constructive possesion (without DNA or Figerprints, belonging to Jackson, which was tested for, and DNA and Fingerprints having been found belonging to other individuals) with no aggravators being found by the Jury. And, **no judge found facts can be used to aggravate.**

**NOTE:** Double jeopardy applies due to Jackson being first found not guilty of first gun charge concerning the same weapon, and then on the second occassion being found guilty on a gun charge concerning the same weapon. **\*Given, if the gun would have been found in Jackson's constructive possesion on the furtherance charge, he would have also had to be found guilty of the furtherance charge, due to nexus.** See U.S. v. Condren, 18 F3d 1200 ("It was in close proximity to norcotics ... a drawer of the very desk where drugs were found"). **If the constructive possesion didn't apply on the Furtherance charge, then, most certainly it would not apply to the Felon in possesion charge after the coersion by exposing the Juror(s) vote in the manner it was as described in the Motion for Mistrial** (which was not responded to by the prosecution). *Also See North Caroling v. Pearce, 395 U.S. 711, 717... (1996) citing Benton v Maryland (as ... no man can be twice lawfully punished for the same offense)*

### DRUGS

Neither the superseding information nor the Indictment charged a specific drug quanity, and Jackson only admitts to entire amount for personal use, on both June 10, 2004 and August 14, 2004, occassions. See Ameline, Id.. **The jury never explored personal use other than the fact that it is not un-**

1

common for a person to use who sales, and that on each occassion Jackson was arrested a pipe was found.

— stop on page 17 <u>Ameline</u> —

## BACK TO <u>GUN</u> ISSUE

↑ Given, the <u>constructive possesion</u> is the key element in <u>both situations</u> ↑ [~~Felon~~ Furtherance (which Jackson had hung Jury ~~was aquitted~~ of first, and then Felon in possesion which he was convicted of directly after ~~that the~~ hung Jury ~~aquittal~~ of the first charge] the two offenses or identical. The constructive possesion is necessary in both cases. Without the constructive possesion of the gun Jackson could be charged with niether. Therefore double jeopardy applies.

The question does not turn on the Norcotics, Jackson was convicted of the drugs, so ~~that~~ is a given. So now the only question or issue is was Jackson in constructive possesion. *Which is the only question ~~at~~ at issue, to the exclusion of any other question.* To be guilty of the Furtherance charge, Jackson only had to be found guilty of <u>constructive possesion</u> of ~~the~~ gun in which the prosecution described as setting under the Drugs, who mere nexus to ~~the~~ drugs would have made Jackson guilty of ~~that~~ crime. <u>U.S. v. Condren</u> Id ("It was in close proximity to norcotics... a drawer of the very desk where drugs were found"). Likewise, constructive possesion is the only element, to the exclusion of every other question, ~~that~~ Jackson had to be found guilty of, to be charge with Felon in possesion, and no other element. Therefore ~~the~~ only issue at trial was <u>constructive possesion</u>, causing double jeopardy to apply. <u>Sansone v. U.S. 380 US 343.</u>

2

↑ to page 1 first half bottom 1P.