Willie Jackson, pro se
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436

RECEIVED
JUN 0 8 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF ALASKA

| UNITED STATES OF AMERICA, Plaintiff/Appellee, vs. WILLIE KEITH JACKSON, Defendant/Appellant. | COA# 06-30182 DC# 3:04-cr-00141--RRB MOTION FOR EXPIDITED CONSIDERATION OF ISSUES PRESENTED DUE TO PRESENT 6/19/2006 BRIEFING SCHEDUAL DEADLINE |
|---|---|

The pro se Appellant Jackson ask this Court to give expidited consideration to the following issues, raised in this Motion, so that he might meet his June 19, 2006 opening brief and excepts of record filing deadline:

1) Copy of Dockets 190, 191, and 195, which appear to be missing from the opened envelope from the U.S. District

[1]

Court for Alaska] (opened outside Jackson's presence) delivered through the prison mailing system. Despite what is stated at Chapter 3 of § 541.2 at (6).

(2) The refusal to allow Jackson to communicate by telephone to help expidite resselction of the various issues concerning the Courts, FPD, CJA, and the Prosecution [i.e. Transcripts not yet received; non-receipt of Jackson's personal Legal Material referenced at Docket # 151, and so on].

(3) The general reluctance to allow Jackson to proceed in his own behalf.

(4) The return of any documentation that reflects any effort on the part of staff, at Lompoc USP, making any effort

[2]

to locate Jackson's Personal Property (i.e. E-mail being forwarded to Sea-Tac; effort of anyone not being able to locate such at the Lompoc Warehouse (due to it taking Jackson more than Ten days to arrive at Lompoc USP, and the Legal Boxes possibly arriving before Jackson did)].

## MISSING DOCKETS [190, 191, AND 195]

On Tuesday May 23, 2006 Jackson received Dockets # 186-200, missing Dockets # 190, 191, and 195. Which, was a result of the Request for Copies of All Court Filings Filed after March 21, 2006 to Date, at Docket # 200.

When the Appellant received the clearly marked envelope [U.S. District Court for

[3]

Alaska]. It was apparent the envelope had been opened at least three times before Jackson received it:

(1) The end of the envelope ~~had been~~ was cut opened, as if it were routine mail, due to its policy ~~that if the~~ Communication is not from a lawyer and state on the outside "open in front of inmate", it will be considered routine mail. <u>Thus, any mail sent to Jackson from the Court or Prosecution can never be privilged mail, despite contridictory policy and caselaw.</u>

(2) Then, as is routinely done after being cut open, it is stapled back shut with one staple. But, when Jackson received it, it was torn through from the other side of the envelope,

[4]

(3) and sealed back together with an address sticker attached across the very top of the envelope. Despite what is stated in B.O.P. Mission Statement under §541.12, Chapter 3(6); "You have the right to unrestricted and <u>confidential</u> access to the courts by correspondence (on matters such as the legality of your conviction, civil matters, pending criminal cases, and conditions of your imprisonment).

<u>REFUSAL TO ALLOW TELEPHONE COMUNICATION TO EXPEDITE RESOLUTION [i.e. Receipt of Transcripts not yet received, Non-receipt of Jackson's Legal Boxes] CAUSED BY BOP, TO MEET June 19, 2006 DEADLINE</u>

[5]

The pro se Appellant has yet, to date, to receive his personal Legal materials (which was the subject of Dockets # 198, and 199) and personal property, since April 12, 2006. And, was the very thing that the Order at Docket #151 was designed to avoid, but is constantly ignored by B.O.P..

Therefore, given this late date, when the 6/19/06 Opening brief deadline is taken into consideration. The only option that appears likely, unless expedited consideration is swift (concerning things like receipt of Transcript, Legal Boxes and other Legal materials recently being witheld from Jackson, etcetra), is to ask, via telephone,

[ 6 ]

for first request for an extension in time to file opening brief [as is suggested by Informal Brief Documentation, sent by the Ninth Circuit [Which Jackson no longer has, due to being placed in Administrative Segregation on an unresolved matter which he has <u>not been found guilty of</u>, yet is further deprived of recently accumulated legal material and access to Court and Law Library, due to an incident report he will more than likely prevail on, but <u>yet is suffering negative effects in this case</u>]. Though Jackson will not go so far as to say the present Institutional Segregation action (of which he has ask placement back into general population until resolution)

[7]

is directly a continuation of woes caused by B.O.P. Jackson, will however confirm that the opportunity is used to justify [according to counselor Franco] a reason why Jackson can not have access to the 1(N)inth Circuit, the District Court, FPD, CJA, or the Prosecution in attempting to remedy any deficiency that might help in meeting the June 19, 2006 Deadline, or requesting the possible necessity for an extension.

### GENERAL RELUCTANCE TO ALLOW JACKSON TO PROCEED IN FORMA PAUPERIS

The Bureau of Prisons appears through various staff, such as Counselor Franco and Mr. Hillabrand [at Receiving

[8]

Discharge (besides others who seem indifferent, and those who have helped in some ways), to show a reluctance to allow Jackson to proceed in forma Pauperis. Not only does Mr. Franco refuse to allow the indigent litigants stamps, copies, envelopes, or any meaningful assistance in locating his personal Legal Box, Dockets # 190, 191, and 195 which appear to be missing from communication from the District Clerk of Court, and so on. But, Mr. Hillabrand (of R4A), at first, confiscates and threatens to mail out evidence in the case which was apart of the files mailed to Jackson by CJA Jennings [Tape]. Despite the well

[ 9 ]

established routine of forwarding said Tape to Education, where the Tape is keep for listening, at Jackson's Convience. Coureously, Mr. Hillabrand attaches a stipulation, of, first having the Tape sent to the legal Department, to be listen to, and then limit the time in which Jackson has to review the Tape ["Three or Four Days"]. Which is unlike the requirement of the many other Inmates who are afforded the opportunity to fair access to there evidence.

<u>JACKSON HAS YET TO RECEIVE ANY DOCUMENTATION REFLECTING ANY EFFORT TO LOCATE HIS</u>

[10]

## HIS PROPERTY OUTSIDE R&D OR THE INSTITUTION

After the waive of correspondence sent by Jackson, he has yet to receive any answers, or return correspondence, which reflects any effort to locate Jackson's personal legal material or personal property, such as, E-mail being forwarded to Sea-Tac as to what may have possibly happened to said property [though Hillabrand has made mention he would send an E-mail. But, when brought to his attention on several occasions, his response was negative as to having done so]. Jackson has never gotten a response as to his efforts in checking

[11]

the Wherehouse, which was brought to his attention by other staff-members and confirmed by Mr. Hillabrand.

CONCLUSION

Therefore, Jackson ask that this Court re-issue Dockets 190, 191, and 195; emphasize that mail from the U.S. District Court, the Ninth Circuit, FPD, CJA, and the Prosecution is priviliged mail as opposed to routine communication, within the meaning of B.O.P. Mission Statement §541.12 Ch 3(6) and contuling caselaw; re-emphasize Docket # 151; and direct the B.O.P. to allow telephone access to expidite litigation through retrieval of his Legal Material.

[12]

Respectfully submitted on
June 4, 2006, at Lompoc California.

_Willie Jackson_
PN SE

COA# 06-30182
DC# 3:04-cr-00141--RRB
D. Nesbett (AUSA)

[13]