NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: 907-251-1500
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:04-CR-0141-RRB |
| Plaintiff, | ) |
| vs. | ) GOVERNMENT'S RESPONSE TO |
| | ) MINUTE ORDER AT DOCKETS |
| WILLIE KEITH JACKSON, | ) 236 AND 238 |
| Defendant. | ) |

COMES NOW the United States of America, by and through counsel, and submits its response to the court's minute orders at Docket 236 and 238 as follows:

I.   Chronology and Background Related to The Court's Order at Docket 238

Defendant was convicted of 3 counts of narcotics trafficking and 1 count of being a felon in possession after a jury trial.  Defendant was represented by defense

counsel Karen Jennings at trial. Judgement was entered on March 18, 2006, and his case is currently on appeal. Court of Appeals docket no. 06-30182. Defendant is represented on appeal by counsel.

Government counsel who handled the case is no longer at the United States attorney's office. What follows is the government's best attempt to reconstruct the series of filings and orders.

Post trial, defendant, acting pro se, filed a series of motions demanding the return of property. In response, then assigned government counsel sent an e-mail to representatives of the Anchorage Police Department on September 14, 2006, asking them to return defendant's ring to a qualified representative. According to conversations between a paralegal in the United States Attorney's office and representatives of the Anchorage Police Department, the ring has been available for pickup since that time. However, the Anchorage Police Department required that defendant sign a notarized statement authorizing the release of the ring as so informed Mr. Jackson's counsel. See Def. Attachment C. Mr. Jackson has never been willing to provide the required form nor has he authorized Mr. Wells to pick up the ring. Thus, it is still available for release pending him taking the appropriate action.

According to the file, and Mr. Nesbett's notes, it appears that no written response was made to the earlier motions, as they were all filed pro se while Mr. Jackson was represented by counsel. On November 20, 2006, however, government counsel filed a Notice of Compliance with Court Order setting forth it's efforts to return the ring.

On January 12, 2007, the court issued a minute order directing the defendant to set forth clearly and specifically what property he had not received. The assigned government counsel's last day in the United States Attorney's Office was January 26, 2007. The day after the assigned counsel left, defendant filed a document on January 29, 2007, entitled Notice of Property Held in Contradiction of Court Order... In that pleading and subsequent attachments, Mr. Jackson appears to be asking for the return of all property seized and listed in Anchorage Police Department evidence reports. The government did receive that pleading and assigned a paralegal to try and determine what defendant was seeking and where it was. Attached as Exhibit 1 is a spread sheet prepared by that paralegal setting forth what the items are and other comments.

After the SAUSA left the office, his e-mail account was deleted on February 2, 2007. According to the USAO's lead legal assistant the court's order at Docket 236 directing that the government respond to the defendant's motion, was not

received by the office as it appears that it was only the next day that the government arranged to have all of the SAUSA's cases assigned to another AUSA on the ECF system so that court orders and pleadings would not be lost.

After talking to the various people in the office, the government's best analysis is that the court's order directing a response fell in to that short period when the SAUSA's account had been deactivated and no other account was assigned to this case. The office discovered the problem when the order at docket 238 was issued.

Thus, in response to the order to show cause, the government can only relate the above and acknowledge that there was an error in transitioning cases on ECF when the assigned SAUSA left the office. Unfortunately, it appears that gap lead to a failure to receive the important order of the court.

II.     Response to Specific Requests for Return of Property

Defendant's case is currently pending appeal. Thus, all evidence seized in the case is still relevant to a pending case. Notwithstanding that principle, exhibit 1 sets forth a spread sheet of the items requested by property tag. According to that list, some of what defendant requests, appears to belong to individuals other than defendant.   See items, 597586, 597597. Other items include things that clearly cannot be sent to defendant in prison such as liquor bottles.  See items 589707,

561279. Other items are clearly evidence of the current case. See notes re: coins $1,600. One item appears to be a case that contained a crack pipe. 587045. Again, notwithstanding the all encompassing nature of defendant's request, the government sees no reason why the impounded vehicle could not be released, with two conditions: 1) If the defendant is the registered owner; and 2) according to APD's reasonable internal guidelines, defendant would have to work with his attorney to provide a notarized letter requesting release and authorizing an individual to pick up the vehicle. This, it appears, he has never been willing to do.

III.   Conclusion

The government again apologizes for the timing problem that lead the government to fail to respond to a court order.  As to the substance, the government, however, is still at a loss to figure out what items, other than the ring the defendant really wants, other than all evidence seized. The government still stands ready to work with Mr. Jackson's attorneys to follow up on any requests for specific items, again, noting that however items are returned the release will have to comply with Anchorage Police Department Evidence procedures which appear to require a notarized statement authorizing someone to pick it up.

RESPECTFULLY SUBMITTED this 27th day of March 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Karen L. Loeffler
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: 907-251-1500
email: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2006,
a copy of the foregoing, was served,
via Electronic Filing, on:

Lance Wells
Rich Curter


s/Karen Loeffler