Willie Jackson, pro se
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436

RECEIVED

APR 23 2007

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF ALASKA

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | COA #0630182 |
| ) | DC #3:04-cr-00141--RRB |
| Plaintiff, ) | |
| ) | **MOTION TO CLARIFY:** |
| vs. ) | **THE FORWARDING OF EVIDENCE SUCH AS** |
| ) | **COINS/$1600.00+ THAT ARE/IS NON-** |
| WILLIE KEITH JACKSON, ) | **RELEVANT EVIDENCE THAT CAN NOT BE** |
| ) | **FORFEITED AND HAS NOT BEEN ORDER HELD VIA** |
| Defendant. ) | **VIA STAY BY COURT IN ACCORDANCE WITH** |
| -) | **FRCrP 32.2 (d) Stays Pending Appeal;** |
| ) | **THE U.S. ATTORNEY'S OFFICE INABILITY** |
| ) | **TO OVERLAP AND ASSUME CONTROL OF** |
| ) | **MATTERS UNDERTAKEN BY SPECIAL** |
| ) | **PROSECUTOR [David nesbett]; AND** |
| ) | **LANCE WELLS STATUS AS APPELLATE** |
| ) | **COUNSEL AS OPPOSED TO COUNSEL IN** |
| ) | **THE DISTRICT COURT** |

The pro se Defendant Jackson ask that the Court take notice of the fact(s): A) That, "all evidence seized in the case" is **not** still relevant to this Case [See II, page 4 of Response]; (B) That, the U.S. Attorney's Office through Karen L. Loeffler Assistant UnitedStates Attorney has no authority to overlap and assume control of any matters undertaken by the Special Assistant United States Attorney David Nesbett; (C) That, Jackson has made numerous attempts to resolve the situation with the APD and Mr. Nesbett to have some one to pick up the properties of issue both through his AppellateAttorney and personally (within his rights). And, given those facts order that all the property that Jackson is entitled to be returned are/is to include the Coins/$1600.00+, item 597598, and item 587045 (was not in a case with a crack pipe. See p. 5 of Appellee Response)["Yeah, there was -- he had $145 cash on him". See p. 18 GJ 6/21/04 Ln. 18.

[1]

Note on <u>Inventory Sheet</u> prepared by the Prosecution clearly states Jackson misidentified 587046 Glass Case cylinder containing a glass pipe, with 587045 which contained money in Jackson pocket on 6/10/04].

<u>**FORFEITURE UNDER 32.2 AND NON - RELEVANT EVIDENCE**</u>

As Jackson has established all currency in this Case is not subject to forfeiture, and the Prosecution has not and can not make a showing of the notion, that "items are clearly evidence of the current case". See page 5 of <u>Response</u> at Docket 239-1. The Prosecution can never hope to amend the Defendant's Sentencing Order to include an order of forfeiture of any of the currency held in this Case. The Court never entered, and the Prosecution never asked, prior to sentencing or during Sentencing proceedings, for anything regarding forfeiture of currency, in which the Prosecution claims is evidence in current Case. See <u>U.S. V. King</u>, 368 F. Supp. 2d 509.

Under, the Federal Rules of Criminal Procedure 32.2 (d) <u>Stay Pending Appeal</u>, "if a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review [Advisory Notes Subdivision (d) ... is to ensure that the property remains in tact and unencumbered so that it may be returned to the defendant in the event the appeal is successful"]. But, in the present Case there is no order to stay forfeiture, due to there never being a request for forfeiture. Which, obviously implies, if there were an order of forfeiture and Jackson did appeal his conviction for whatever reason [i.e. appeal of the forfeiture and conviction, or just one or the other], without a stay of forfeiture order the Government could just claim the currency. And, **therefore conversely can be no automatic stay preventing Jackson from acquiring his property.** Especially, when said property has no relevant evidence value to this or any case. See

[2]

U.S. v. Pease, 331 F3d 809. Once Jackson had been sentenced in this Case all efforts to forfeit anything is void. See U.S. v. Pease, Id 817; also U.S. v. Petrie, 302 F3d 1280, 1284-1285.

The Government provides no rule of law or caselaw that suggest, "all evidence seized in the case is still relevant to a pending case", is a proper reasoning for depriving Jackson of the " return of any property he might be entitled to". See page 4 of Docket # 239-1; and Order at Docket # 240-1.

The physical evidence that can be released to Jackson, which is being held by the Government, is irrelevant to the issues on appeal, can not now be made relevant after time for forfeiture under FRCrP 32.2 has passed. Therefore, Jackson request that all property he is entitled to be returned to him, including all currency involved in this case [due to inability of forfeiture by the Government and non-relevant nature to Case in chief].

### THE U.S. ATTORNEY OFFICE THROUGH KAREN L. LOEFFLER ASSISTANT UNITED STATES ATTORNEY HAS NO AUTHORITY TO OVERLAP AND ASSUME CONTROL OF ANY MATTERS UNDERTAKEN BY THE SPECIAL ASSISTANT UNITED STATES ATTORNEY DAVID NESBETT

The United States Attorney's Office not only can not overlap and assume control of matters that were undertaken by the Special Assistant United States Attorney David Nesbett, but is required to provide an accompanying signature with all filings presented by the Special Prosecutor. "...It made clear, however, that while the Criminal Division had no authority to overlap and assume control of any matters undertaken by the Special Prosecutor, there was created, in effect, a **one-way valve** whereby the Special Prosecutor could assume jurisdiction for specific matters which may otherwise remained in the Criminal Division. ... . United States v. Andreas, 374 F. Supp. 402, 412 [emphasis added]. The then Attorney General Elliot Richardson contemplated were a sort

[3]

of overlap might occur: "Secretary RICHARDSON. Yes, there would be some areas of potential overlap or some cases where it might be necessary to decide who had the responsibility —— for instance, **some new cases ..., if one arose. They might have to get together on whether or not this should be turned over to the special prosecutor because it in some way related to other cases he had, or whether it should be considered to be, in effect, an 'ordinary' case <u>falling within the normal jurisdiction of the Criminal Division</u>**". 1973 Hearings at 77. See Id., 411.

But, such a situation, as described by Richardson in <u>Andreas</u> is not the case here. The Hearing of Jackson's case brought from State Prosecution under Special Assistant United States Attorney David Nesbett, **is not "some new case", but the very same and is not the type case that ordinarily fell within the normal jurisdiction of the Criminal Division [i.e. state police; state search warrants; state lab reports that don't conform to the Federal Guidelines]**.

In the same respect that the Special Prosecution cannot usrup the powers of the UnitedStates Attorney of his district, and relies on that office through the powers of the Attorney General to arrange basic needs to assist in the application of Federal Law to cases generaally [in this instance] in the Special Prosecutors purview [as opposed to the Criminal Division of the U.S. Attorney's Office] in accordance with 42 USCA § 3751 and 28 USCA §515 (a) [i.e. court time, office space, etc.], and is required "in all ... cases, documents which are to be filed with a clerk of a court, with a court, or with a United States Magistrate or Commissioner including subpoenas, briefs, motions, legal memoranda, points for charge, stipulations, and petitions

[4]

───  shall be signed by both the **United States Attorney** and a [Special Untied States] attorney..." <u>In Re Subpoena of Persico</u>, 522 F2d 41, 70. **The United States Attorney [through the office of the Attorney General] can not overlap and assume control of any matters undertaken by the Special Prosecutor.** See <u>U.S. v. Andreas</u>, 374 F. Supp. 402, 412 ("...**Criminal Division had no authority to overlap and assume control of any matters undertaken by the Special prosecutor, ...**"). The Office of the United States Attorney cannot, through Assistant United States Attorney Karen L. Loeffler, overlap and assume control of the matters undertaken by Special Assistant United States Attorney David Nesbett. **Who's previous control over the Case, due to the reason of all of the Filings (other than the Indictment) baring no signature of either the Former or present Untied States Attorney [Nelson Cohen], was lacking in authority.** Thus, Jackson ask that the Court nullify all preception of authority by the U.S. Attorney's Office, and order the return of all property Jackson is entitled, to include all currency of issue as well.

<u>**LANCE WELLS WAS APPOINTED AS JACKSON'S
APPELLATE ATTORNEY**</u>

Lance Wells has never filed an entry of appearance to represent Jackson in the District Court. Mr. Wells was appointed by the Ninth Circuit [Judges: O'Scannlan and Graber] "... to serve as appointed counsel for the appeal", and in no other capacity.

Jackson has made numerous attempts to resolve the issues with his property, but the various prosecutions and APD ignore Jackson's filings and communications [See **Attachment B** of <u>Notice of property held in Contridiction of Court Order by the Prosecution et al.</u> at Docket # 234]. This has never been a case of "Mr. Jackson... never ...willing to provide the required form" or

[5]

authorizing Mr. Wells to pick up ring. See page 2 of <u>Government's Response to Minute Order at Dockets 236 and 238</u>, at Docket 239-1. Jackson only expects that all of his property, that he is entitled to [including all currency of issue], be marshalled together, so they can be returned physically to Jackson's Uncle DeWitt Jackson at one time, and in the instance of all the currency of issue be sent to Jackson's Inmate Account.

## CONCLUSION

The improper prosecution as to jurisdiction has not and can not prove any relevance of particular evidence [i.e. Coins/ $1600.00+] and why return of Jackson Property should be impeded. The improper prosecution can not show how it can overlap and assume control of this Case in contradiction of <u>Andreas</u>, Id.. And, Jackson, outside of any productive assistance by his Appellate Attorney [Lance Wells], request that his pro se filings and communications not be ignored by anyone [i.e. Anchorage Police Department, etc.]. Thus, ask this Court address and clarify all the above raised issue.

Respectfully submitted on April 19, 2007, at Lompoc California.

*[signature]*
Willie Jackson
Pro se

I certify that a copy
of the foregoing was sent
by U.S. Mail

To:   Karen L. Loeffler
      222 W. 7th Ave., #9
      Anchorage Alaska

      Lance Wells
On: 4/19/07                              [6]



Clerk of Court
222 W. 7th Ave., #4
Anchorage AK 99513-7564

Legal Mail

Willie Jackson 15063-006
United States Penitentiary Lompoc
3901 Klein Boulevard
Lompoc, California 93436