Willie Jackson, pro se
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | COA #0630182 |
| ) | DC #3:04-cr-00141--RRB |
| Plaintiff, ) | |
| ) | **RECONSIDERATION** |
| vs. ) | **OF** |
| ) | **ORDER** |
| WILLIE KEITH JACKSON, ) | **AT DOCKET # 248-1** |
| ) | |
| Defendant. ) | |
| ) | |

Upon receipt of the Order at Docket # 248-1, on May 30, 2007 (Wednesday) [Filed May 23, 2007], Jackson ask that the Court reconsider the same:

1) "...the claim against Defendant was prosecuted by the United States. ...". When, in fact Jackson was prosecuted under Project Safe Neighborhood as The Attachment #1 shows without doubt ("...Project Safe Neighborhood has ... indicted ... on gun-related charges as part of **project** ...Willie Jackson, 44" [emphasis added]), govern by 42 USCS §§ 3750 & 3751; 28 USCS 515; United States v. Andreas, 374 F. Supp. 402; and In Re Subpoena of Persico, 522 F2d 41. Which, forbids the ostensible authority that has been employed by the U.S. Attorney's Office in overlapping and assuming control over the present case [through Karen L. Loeffler, at Docket 239-1] of which is not the normal type case that falls within the normal jurisdiction of the Criminal Division [i.e. state police; state search warrants; state lab reports that don't conform to Federal Guidelines] (Andreas, Id. 411), and changing of Special Prosecutor in the manner John Novak was introduced (to include the untimeliness of the Filings by virtue

[1]

of the unauthorized substitutions).

2) The Special Prosecutor has not and cannot rely on any rule of law or caselaw that would prevent Jackson from recovering properties of issue, before conclusion of the appellate process, as is governed by <u>U.S. King</u>, 368 F. Supp. 2nd 509, 511.  And, can show no reason as to why a photograph of the items of issue would not suffice, before the conclusion of the Appeal or in the event of some future trial, given there is no chance for forfeiture of the items.

<u>JACKSON IS UNAWARE OF WHO AUSA BRYAN SCHRODER IS</u>

In the <u>Entry of Appearance</u> the Special Assistant U.S. Attorney John J. Novak, mentions AUSA Bryan Schroder, whom Jackson is unfamiliar with as concerning this Case.  Kren L. Loeffler Assistant Untied States Attorney is the last Assistant Prosecutor that handled this Case, outside of her jurisdiction.  See <u>United States v. Andreas</u>, 374 F. Supp. 402, 412 ("...**Criminal Division had no authority to overlap and assume control of any matters undertaken by the Special prosecutor...**") [emphasis added].

<u>**THE GOVERNMENT INTRODUCES A NEW ARGUMENT OUTSIDE OF THE "(2)" ARGUMENT (to which the Government concedes to) IT WAS TO RESPOND TO PER ORDER AT DOCKET # 242-1**</u>

It is apparent that the Government concedes to the second argument the Court Ordered it to respond to at Docket 242-1: (2) "[t]he United States Attorney's Office... can not [sic] overlap and assume control of matters that were undertaken by the Special Assistant United States Attorney [,] David Nesbett".

The New Special Assistant United States Attorney, merely, misstates the second argument in which the Court Ordered it to respond to, by, implying that one Special Prosecutor was replaced with another.  Which is most certainly not the case.  The Prosecution

[2]

of the Case was overlap and assumed by the United States Attorney's Office through Karen L. Loeffler [AUSA] at Docket # 239-1 on March 27, 2007, from David Nesbett, nullifying all control of this Case by David Nesbett or anyother Special Assistant United States Attorney [to include John Novak], due to time passing for proper filing (if that were now possible, to change Special Assistant United States Attorneys) of any document that might have been pertinent to the now nullified jurisdiction.

Where the Court in support of the Special Prosecutor's position, states: "Here, the claim against Defendant was prosecuted by the United States", is not entirely true. Jackson was prosecuted under <u>Project Safe Neighborhoods</u> [See Attachment # 1, concerning <u>Safe Neighborhoods Project</u>], which (at that time - [12/17/04]), "The Director of the Bureau of Justice Assistance (hereafter in this part [42 USCS §§ 3750 et seq] referred to as the "Director") is authorized to make grants to States, for the use **<u>by ...local government</u>** in the States, ...". And, **[i]s not a prosecution by the United States**, as is implied by the Court at Docket # 248-1. See 42 USCS § 3751(b), of the 2004 edition of U.S. Code Service, Lawyer Edition.

Both David Nesbett and John Novak [SAUSA] are Special Prosecutors under 28 USCS § 515 through Grant governed by 42 USCS §§ 3750 & 3751, of which Karen Loeffler [AUSA] was never given authority to overlap and assume control of matters in the above captioned Case in any capacity [i.e. **Filing of Docket 239-1 on 3/27/07**]. See <u>Andreas</u>, Id. 412 ("...Criminal Division had **no authority to overlap and assume control of any matters undertaken by the Special prosecutor, ...**"). The Appellate Court in <u>Andreas</u> is not challenged by anyother Court of authority on weather the

[3]

United States Attorney's Office can interchange Assistant United Attorneys with Special Assistant United States Attorneys in cases initiated by the Special Prosecutor. The holding in <u>Andreas</u> forbids the practice and calls for the nullifying of such ostensible authority, as well as the case itself. All the U.S. Attorney's Office can assist with, in this area, is with things like setting up court time, providing office space, and so on. See <u>Persico</u>, Id.; 42 USCS § 3751(a) - ("...the Attorney General may ...make grants to ...units of local government, **for use by the ...unit of local government** to provide additional personnel, equipment supplies, contractual support, training, technical assistance, and information systems for criminal justice, including for any one or more of the following programs: ... (B) **Prosecution and court programs.**").

Even in the event the Court were to forgive the improper and tardy Filings of Mr. Novak's, it has never been shown to the Court where Mr. Nesbett consented to any termination of his assignment. In <u>Andreas</u>, the Government "abolished the Office of... Special Prosecutor ...and reinstated it ...weeks later under a virtually identical regulation. It is <u>clear</u> that this **turnabout was simply a ruse to permit the discharge of [The Original Special Prosecutor] <u>without otherwise affecting the office of the Special Prosecutor</u> ―― <u>a result which could not legally have been accomplished</u>...** and **must be held to have been without force or effect**" [emphasis added]. Likewise, should Mr. Novak's authority over this Case, be held to be without force or effect. And, for Mr. Novak to suggest: "Defendant, however fails to cite any authority that supports that proposition", Jackson can only wonder if the present Prosecutor [lacking in authority] even

[4]

bothered to read Docket #241, as he concedes to the arguments raised and supported by: <u>United States v. Andreas</u>, 374 F. Supp. 402; <u>In Re Subpoena of Persico</u>, 522 F2d 41; 42 USCS §§3750 & 3751; 28 USCS § 515.

### MR. NOVAK CONCEDES TO THE FIRST ARGUMENT AND THEN MOVED ON TO ANOTHER ARGUMENT OUTSIDE THE SCOPE OF WHAT THE COURT ORDERED AT 242-1 WHICH IS EQUALLY IRRELEVANT TO LAW

Mr. Novak concedes to the fact that "the Government failed to comply with Fed. R. Crim. P. 32.2. Criminal Forfeiture". Which, is the First Argument the Court Ordered the Prosecutor to address.

Mr. Novak moves on to an alternative argument (outside of what the Court Ordered him to address), "The items are being detained as evidence in the event that Defendant's conviction is overturned on appeal and another trial is necessary". Which does not make sense, given on this occasion the Prosecution suggest that the return "of the 1990 Oldsmobile, Alaska license plate EGK615, a ring, APD tag number 587049" is not relevant. It has never been shown by rule of law or caselaw that suggest, "all evidence seized in the case is still relevant to pending case" any more so than that which was designated to be returned. See page 2-3 of Docket 241.

The Prosecution apparently suggest, due to the lack of any logical explanation apparent, that given Jackson has taken an Appeal of the conviction, the physical possession of his property that it concedes can not be forefieted, can prove an unknown fact that was not apparent in the First Trial [i.e. currency was not buy money; no one suggested a sale was witnessed possibly concerning any of the currency held; or that currency was used to commit any cirme] even if it mattered at this point.

[5]

In <u>U.S. v. King</u>, 368 F. Supp. 2nd 509, 511, once the defendant appealed his conviction the prosecution then attempted to obtain an order of forfeiture, one day after the notice of appeal, which was subsequently denied. Certainly, the prosecution, as it states: "The items are being detained as evidence in the event that Defendant's conviction is overturned on appeal and another trial is necessary", implies that a second attempt may be made on forfeiting the property. But, shows not one shred of support for such a proposition.

Any possible need, as for some sort of evidence the Government profers, most certainly can be solved by the employment of pictures, for the purpose of presenting as evidence.

## CONCLUSION

Therefore, Jackson ask that the Court reconsider its <u>Order</u> at Docket #248-1, and include, with the property that Jackson may retrieve, now, the remaining property [i.e. all currency] that can be represented by photograph, presently. As opposed to at "...the conclusion of the appellate process". As well, Jackson request that the Court recognizes and finds, based on the Defendant's Argument (rooted in proper law and citation), that the Prosecution on the issues presented is thus nullified.

Respectfully submitted on June 7, 2007, at Lompoc California.

_____
Willie Jackson
Pro se

I certify that a copy
of the foregoing was sent
by U.S. Mail
To: John Novak - 6/7/07          [6]