Willie Jackson, pro se
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436



UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | COA #0630182 |
|  ) | DC #3:04-cr-00141--RRB |
| Plaintiff, ) |  |
|  ) | REPLY/RECONSIDERATION |
| vs. ) | TO |
|  ) | PROSECUTION'S RESPONSE |
| WILLIE KEITH JACKSON, ) |  |
|  ) |  |
| Defendant. ) |  |

The pro se Defendant Jackson takes exception to what appears to be a slanderous assertion on the part of Mr. Novak, as he states: "Contrary to the assertions defendant makes in his motion, the government has communicated with him with regard to his desire for return of certain property ...".

Jackson did not received the July 26, 2007 Communication until August 1, 2007 [Wednesday], one day after he had mail his July 31, 2007 Motion to Compel .... After, having waited a month to receive a response to his June 28, 2007 Communication. Of which Jackson contends is ample time to wait before forwarding his July 31, 2007 Motion to Compel Appropriate Responses to Pro Se Defendant Communications.

The pro se Defendant recently received the August 21, 2007 Electronic Filing [Dkt #253] Minute Order, denying Jackson's Motion to Copel... [Dkt #251]("...for the reasons set forth by government in its Response at Docket [252]. ..."], five days after the Government's Response [Dkt #252]. Of which such a short time between the Government's Response and the Court's

[1]

Order negates a fair chance to reply by the Defendant, given the Five day [on average, some times longer due to weekends] travel time, from hand-to-hand, it takes the mail to go one-way from or to Alaska/California [and through Jail mailing system].

---

The Communication forwarded by Matthew Sonn only speaks of picking up the ring [property tag number 587049 - Department Case number 04-26531 - Ph #907-786-8660]. But then indicates that "you will not be able to regain possesion" of the 1990 Oldsmobile, "The car was never titled in your name and the tow company who impounded the car attempted on three occasions in July of 2004 to send letters to the registered owner". Despite the Court Order of, "the immediate return of the 1990 Oldsmobile", and the return of "alcohol, cigarettes, food items, etc. excepted ³["It is unreasonable to expect that the Government can keep parishable items indefinitely"].

For the Prosecution to suggest, that, "...No further court relief is appropriate or needed. Defendant's motion most be denied.", would be a prevarication. Which tends to try and lead this Court to believe that the Order at Docket #248-1 has been satisfied to the letter. **Any response by the Government is not necessarily an appropriate response,** in an effort to fulfill the obligation of "the immediate return of the 1990 Oldsmobile and the ring"; "alchohol, cigarettes, food items etc."; and "...'all property he is entitled to be returned to having including all currency involved in this case'... the same shall be returned to Defendant up on the conclusion of the appellate process...".

The Prosecution neglects to inform the Court, that the July 26, 2007 letter describes (after considering what the

[2]

Prosecution correctly views as "property that was seized during the course of the criminal (investigation)) a coversion of Jackson's property, as it states: "... the tow company ... impounded the car ...".

Despite the fact that Jackson was arrested on July 10, 2004, the tow company obviously within days, long before any investigation or legal conclusion could have been reached, the tow company "attempted on three occasions in July of 2004 to send letters to the registered owner", devoid of fact the car was supposed to be held in evidence concerning a criminal investigation.

Clearly, on the Dealers tags, which were not expired, Jackson's name was affixed as the owner [sold to him by Car Dealer - Tarrence Coats - ], to which any title search could not have been ready, from a purchase of that car in mid-June.  Moreover, the information at number 16 of the <u>Attachment</u> at Docket #245 (of which Mr. Novak knew or should have known) **was not true** as it indicated the car was at **APD Service Storage [SW 04-608 SW]**.

The Car was not impouned for some violation of traffic laws and therefore could not be converted or sold, nor was it ever reported as stolen.

Thus, given the illegal conversion of Jackson's vehicle [1990 Maroon Oldsmobile EGK 615] which is evident, and the remaining evidence referenced above as subject to immediate return (to which obviously appears to have been converted as well), Jackson ask that he be reimbursed and compensated for the things that can not be returned physically and that the various agencies facilitate an immediate release for those things that can (outside of those things to returned at the conclusion of the Appeal).

[3]

Dated August 27, 2007, at Lompoc California.

                                                                     _____
                                                                         Willie Jackson
                                                                            Pro se

I certify that a copy
of the foregoing was sent
by U.D. Mail
To:  John Novak
     SAUSA
     222 W 7th Ave., #9, Rm 253
     Anchorage, Alaska 99513
     Ph #(907)271-5071

Willie Jackson #15065-006
United States Penitentiary
3401 Klein Boulevard
Lompoc California 93436

SANTA BARBARA
CA 931 1 L
27 AUG 2007 PM

Clerk of Court
222 W. 7th Ave., #4
Anchorage Alaska, 99513-7564

9935 13475 64



Legal Mail