**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 06-30182 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00141-a-RRB |
| v. | |
| WILLIE KEITH JACKSON, | MEMORANDUM* |
| Defendant - Appellant. | |

RECEIVED
DEC 1 0 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 7, 2007*
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

Willie Keith Jackson ("Jackson") challenges his conviction on three counts of drug trafficking and one count of being a felon in possession of a firearm. He argues that the district court erred in failing to suppress drugs and guns found on his person, in his car, and at his residence on two dates—June 10 and August 14,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

2004—because the stops and searches leading to the discovery of that contraband violated the Fourth Amendment. He also argues that, at trial, the district court violated his Sixth Amendment right to confrontation by precluding him from impeaching a police officer with the negative credibility findings made by the magistrate judge who recommended that the district court deny the suppression motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Fourth Amendment generally requires a warrant for searches and seizures, but "permits limited investigatory stops where there is some reasonable, articulable, and objective manifestation that the person seized is, or is about to be, engaged in criminal activities." *United States v. Smith*, 217 F.3d 746, 749 (9th Cir. 2000). We review *de novo* the district court's rulings on a suppression motion. *United States v. Pang*, 362 F.3d 1187, 1191 (9th Cir. 2004).

We have carefully reviewed the record, and have concluded that as to the June 10 incident, even assuming, without deciding, that the initial stop lacked reasonable suspicion, Jackson's subsequent conduct of fleeing constituted an independent intervening act sufficient to purge the taint of any illegal conduct in the initial seizure. *See Brown v. Illinois*, 422 U.S. 590 (1975). As to the August 14 incident, the officer's reasonable suspicion of a traffic violation justified the stop. *See United States v. Choudhry*, 461 F.3d 1097, 1100-01 (9th Cir. 2006).

After seeing Jackson in the car, the officers had probable cause to believe that he had committed a violation of his release conditions. Having lawfully stopped Jackson, the officers had probable cause to search his person. Jackson also challenges the warrant used to search his residence on August 14. Even assuming, without deciding, that the partial inaudibility of the warrant hearing invalidated the warrant, the officers nonetheless had probable cause to search the residence in light of the drugs found on Jackson's person. Given that one of Jackson's release conditions allowed for warrantless searches of his home, the officers' probable cause justified this warrantless search. *Cf. United States v. Scott*, 450 F.3d 863, 867-70 (9th Cir. 2006) (as amended) (holding unconstitutional a bail condition allowing warrantless home searches *without* probable cause).

Finally, Jackson's challenge to the district court's restriction on the scope of cross-examination, which we review for abuse of discretion, is also without merit. *See United States v. Larson*, --- F.3d ----, 2007 WL 2192256, at *5 (9th Cir. Aug. 1, 2007) (en banc). We have recently emphasized the great "danger of unfair prejudice" inherent in admitting "factual testimony [relating to credibility determinations] from a judge." *United States v. Sine*, --- F.3d ----, 2007 WL 2034041, at *10 (9th Cir. July 17, 2007). Under the circumstances of this case, the district court did not abuse its discretion in excluding such evidence.

3

**AFFIRMED.**