Willie Jackson, pro se
Untied States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436



UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | COA #0630182 |
| | ) | DC #3:04-cr-00141--RRB |
| Plaintiff, | ) | |
| | ) | **MOTION FOR RECONSIDERATION** |
| vs. | ) | **OF DISPOSITIVE ORDER BY** |
| | ) | **CAREER LAW CLERK J.W. ERICKSON, Jr.** |
| WILLIE KEITH JACKSON, | ) | **WHICH: Attempts to supercede Order(s)** |
| | ) | **by Presiding Judge R.R. Beistline,** |
| Defendant. | ) | **in contradiction of the Order(s)** |
| | ) | **forwarded by the Honorable Judge at** |
| | ) | **Dockets 240, and 248; Is dispositive** |
| | ) | **and in contradiction to FrCP; Is** |
| | ) | **based on a Communication [dated July** |
| | ) | **26, 2007] by Matthew R. Sorn [Intern** |
| | ) | **United States Attorney's Office], which** |
| | ) | **cites nor has any bases in Law** |

The pro se Defendant Jackson ask that the Court reconsider the Order number 258 [by Career Law Clerk John W. Erickson, Jr.], dated November 21, 2007. Which is in contradiction of the Order(s) [by the Honorable Judge R. Beistline], at Docket numbers 240 and 248. Of which is based in no caselaw, and is dispositive in nature [making such an Order is beyond the authority possessed by the Career Law Clerk. See Federal Rule of Civil Procedure 77 (b) and (c)], and without the force of Law.

<u>THE ORDER AT DOCKET NO. 258 IS WITHOUT AUTHORITY</u>

The career Law Clerk John W. Erickson, now, attempts to ignore the Order(s) [Dockets 240 and 248] entered by the presiding Judge of this Case (in the District Court) [The Honorable Judge Beistline], and supercede them with his own (which is based in no proper application of the Law). Jackson has not consented to have this Case heard as provided by Title 28 U.S.C. §636, nor is the Order at issue [Docket No. 258, by John W. Erickson]

[1]

merely procedural.

    Jackson does not take issue with the method of collecting his wedding ring, other than he would like all the property that was Ordered returned before the conclusion of his Direct Appeal, returned all at One time.  Within Docket No. 258 at 2 of the Clerk's averment ["inasmuch as the 1990 Oldsmobile at issue was never titled in Defendant's name (see Docket 252 at 3 attached hereto), he is entitled to neither it nor its fair market value"] it neglects to consider pertinent issues [i.e. a necessary violation for which the vehicle needed to be impounded under 9.52.010 and 9.50.010, and sold under 9.50.020] and the fact that the car was supposed to be held inevidence, as opposed to being sold long before any State or Federal prosecution concerning said evidence was ever had.

<u>THE OLDSMOBILE WAS NEVER IMPOUNDED<br>
FOR ANY VIOLATION OF ANY LAW<br>
[i.e. Anchorage Municipal Code Section(s) 9.50.010, 9.52.010<br>
or 9.50.020], IT WAS TAKEN INTO EVIDENCE AND<br>
DEALERS TAG CLEARLY SHOWED JACKSON AS THE OWNER<br>
[EGK 615-VIN 1G3CX54C914326600]</u>

**Jackson paid for, cash in-full, the Oldsmobile.**  The purchase from Car Dealer Tarrance Coats resulted in the properly filled-out Dealer's Tag (as this Court and the State Court has already noted) to which no violation concerning the vehicle was ever lodged.

    The Clerk's assumption at 2 of Docket 258, which is based on the letter from Matthew Sonn (addressed to Jackson), is flawed.  As the Clerk assumes that the car was impounded "pursuant to and under authority of" AMC Title 9, and that Jackson ~~was not the owner of the vehicle.  See AMC Section 9.50.010 (C).~~ Of which assumptions are incorrect on both accounts.  The vehicle

[2]

was held in evidence [to which the tow company sold long before any State or Federal prosecution was had], **not for any vehicular violations.** And, the Dealer's Tag clearly showed that Jackson was the owner of said vehicle. Moreover, there is no law (State or Federal) that can supercede what is stated in Federal Rule of Criminal Procedure 32.2 ["A court must not enter a Judgment of forfeiture in a criminal proceeding..."]. Which, in essence is what the Clerk attempts at Docket No. 258, as is stated at (2) "... he is entitled to neither it [1990 Oldsmobile] nor its fair market value" (emphasis added). See <u>United States v. King</u>, 368 F. Supp.2d 509. "Criminal forfeiture is a form of punishment designed to divest the criminal defendant of the profits of the illegal activity **for which he has been convicted. As such, it is a part of the sentence rather than the substantive offense**" (emphasis added) <u>United States v. Ferrario-Pozzi</u>, 368 F.3d 5, 8. Given, there was no substantive offense attached to the vehicle, it had already been determined by the Court and the Prosecution conceded ["Defendant ... asserts that the property at issue is not property subject to forfeiture. The United States does not take issue..."] the car was not subject to a forfeiture. See Docket 245 at page 2. No governmental entity can gain interest of property without the violation of some offense pertaining to that property, once it had been determined not to be subject to forfeiture. And the Clerk can not now order that "he [Jackson] is entitled to neither it nor its fair market value". The prosecution is most certainly responsible for the conversion of property clearly identified as belonging to Jackson, and none other. See #16 of Attachment to Docket 245 sent with <u>Errata</u> - "1990 Maroon Olds **EGK 615**, VIN 1G3CX54C9L4326600 **@APD Service Storage**; Also

[3]

see referenced picture of Vehicle and **Tag Attached** which is still in the possession of the Anchorage Police Department, **as proof of Jackson's ownership.** The Court at Dockets 240 and 248 gave the only (and proper) Order it could have in this Case on the specific issue of the 1990 Oldsmobile: "..., the Court concludes Defendant is entitled to the immediate return of the Oldsmobile...". The Attachment at Docket 245 [sent with Errata] correctly concedes that, "Defendant entitled to regain possession of this item" [at #16, (1990 Maroon Olds EGK 615, VIN 1G3X54C9L4326600]. **And no other authority can be given over vehicle without subject matter jurisdiction.**

<u>THOUGH THE CLERK EXPLAINS</u>
<u>"Plaintiff is not entitled to any alcohol, cigarette, food items etc. which may or may not be in Plaintiff's possession"</u>
<u>HE DOES NOT RESOLVE HOW IT WILL BE RETURNED</u>

The catalyst for generating the Reconsideration at Docket 254, amongst other things, was that the prosecution was not forthcoming with a device that would resolve all the issues, concerning property that could be returned immediately, to accommodate Jackson's 74 year-old Uncle in picking up the items at one time, as opposed to different places and times.

**CONCLUSION**

The order by J.W. Erickson Jr. can not circumvent the proper authority of: Federal Rule of Criminal Procedure 32.2 concerning forfeiture or the Court Order(s) of the return of properties to Jackson [Docket(s) 240 and 248], in support of letter based in no law [i.e. vehicle in violation of some law which forfeiture would attach or even give authority to the government to take possession **in light of Jackson's unquestionable ownership;** or authority to take items at random and not be responsible for

[4]

its return]. To allow such chicanery, pettifoggery, and shenanigans, by the prosecution (named and un-named) would make proper law pointless. Jackson has the rights afforded him under 42 USCS § 1982 ["All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, **purchase**, lease, **sell, hold**, and **convey real and personal property**"] (emphasis added), and expects that this Court will honor those inherent rights.

    Dated December 17, 2007, at Lompoc California.

_____<br>
Willie Jackson<br>
Pro se

I certify that a copy
of the foregoing was sent
by U.S. Mail

To:  John Novak
     SAUSA
     222 W. 7th Ave., #9, Rm 253
     Anchorage, Alaska 99513
     Ph #(907)271-5071        [5]

Willie Jackson, #15063-006
United States Penitentiary
3901 Klein Boulevard
Lompoc California 93436



Clerk of Court
222 W. 7th Ave., #4
Anchorage Alaska, 99513-7564

Legal Mail