Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                        )<br>          Plaintiff,   )<br>                                        )<br>  v.                          )<br>                                        )<br>WILLIE K. JACKSON,          )<br>                                        )<br>         Defendant.   )<br>_____) | No. 3:04-CR-0141 (RRB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE**

The court has jurisdiction to modify the defendant's sentence now under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Each of the predicate conditions conferring jurisdiction are met in this case. Defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission on November 1, 2007.

The last phrase of § 3582(c)(2):

> If such a reduction is consistent with applicable policy statements issued by the Sentencing Commission "supports the grant of this motion".

The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between crack and powder cocaine sentence should be made retroactive. This motion is entirely consistent without policy statement and, accordingly, should be granted.

The Sentencing Reform Act as interpreted in United States v. Booker, 543 U.S. 220 (2005), applies to every component of the Act including § 3582(c). Although Booker was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the United States Sentencing Guidelines, but does not mandate adherence to the Sentencing ranges or to policy statements. 543 U.S. at 261; see also Kimbrough v. United States, 2007 U.S. 4292040, at *10 (Dec. 10, 2007); Gall v. United States, 2007 WL 4292116 at *6 (Dec. 10, 2007). The advisory nature of the Guidelines applies to all aspects of the

sentencing process including an initial sentencing, appellate review of a sentence, and a re-sentencing upon remand. As stated in Clark v. Martinez, 543 U.S. 371, 378 (2005):

> The operative language of [a statute] applies without differentiation to all three categories that are its subject (discussing 8 U.S.C. § 1231).

Here, the role of the Sentencing Guidelines and the Sentencing Reform Act must be consistent. Accordingly, the final phrase of § 3582(c):

> If such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

must be read consistently with Booker as advisory only, and not as limiting the discretion of the sentencing court.

The same reasoning applies to §§ 3553(a)(4)&(b). In considering a § 3582(c) motion, any Commission policy statement limiting the sentencing court's ability to consider the factors set forth in § 3553(a) in exercising discretion to grant a motion under § 3582(c)--including time limitations--is invalid because such temporal limitations or restrictions on discretion is contrary to § 3582(c). Stinson v. United States, 508 U.S. 35, 38 (1993). The court in considering a § 3582(c) motion can consider the Commission advice that a reduction may only be brought after March 3, 2008, but the court does not appear bound by that advice.

The Commission did not publically explain why it decided that the Crack Amendment should be made retroactive as of March 3, 2008, but, news media suggests that it was for the convenience of the Bureau of Prisons to allow time for re-entry planning. The defendant in this case, once he is brought back before the court for re-sentencing, and his offense level reduced by 2 levels, will be looking at a minimum sentence of 168 months.

RESPECTFULLY SUBMITTED this 3rd day of March 2008.

s/Lance C. Wells
Attorneys for Defendant
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
March 3, 2008 a copy
of the foregoing was served
electronically:

F. Russo, AUSA
U.S. Attorney's Office

s/Lance C. Wells