NELSON P. COHEN
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                             )<br>                      Plaintiff,             )<br>                                                             )<br>            vs.                                         )<br>                                                             )<br>WILLIE KEITH JACKSON,         )<br>                                                             )<br>                      Defendant.         )<br>_____) | No. 3:04-cr-00141-RRB<br><br><br><br><br><br>**RESPONSE IN OPPOSITION TO**<br>**18 U.S.C. § 3582(c) MOTION** |

The defendant, Willie Keith Jackson, has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. While the relevant amendment does apply to the defendant's case, this Court has discretion with regard to whether to grant it, and

the government submits, for the reasons set forth below, that the Court should not reduce the defendant's sentence. The United States opposes the motion based upon concerns for public safety.

I.      TRIAL AND ORIGINAL SENTENCING

On November 30, 2005, a jury returned guilty verdicts against the defendant on two counts of possession of cocaine base with intent to distribute (for two separate incidents), one count of possession of cocaine with intent to distribute, and one count of felon in possession of a firearm. The jury hung on the charge of possession of a firearm in furtherance of drug trafficking, and the government dismissed a second felon in possession charge.

Evidence at trial showed that Jackson was involved in two separate dangerous incidents. On June 10, 2004, APD Officer Carson stopped Jackson while driving a maroon Oldsmobile. Upon contact, Jackson struggled with Officer Carson and fled on foot. Once stopped, Officers found on Jackson's person drugs and drug paraphernalia. In Jackson's car, officers found drugs and drug paraphernalia. Inside Jackson's apartment, officers found drugs, drug paraphernalia and a gun. Jackson initially was charged with these offenses in state court and released on bail.

Two months later, On August 14, 2004, APD officers again had reason to stop a car in which Jackson was a passenger. Jackson was found to be in violation of his bail conditions. Again, Jackson struggled with officers. Once handcuffed, Jackson was pat-searched. Drugs and drug paraphernalia were found on Jackson's person. Jackson's residence was searched and drugs, drug paraphernalia and a gun were found.

Jackson was sentenced on March 14, 2006 to 210 months in prison. The Court found the defendant was responsible for a combination of cocaine ( 35.8 grams) and cocaine base (36.9 grams) and marijuana (1.9 grams) that placed the defendant at a total adjusted offense level of 32. Jackson has a lengthy criminal history which placed him in Criminal History Category VI. His sentencing range was 210 to 262 months. He was sentenced to the low end of that range.

Under the recent revisions to the United States Sentencing Guidelines, Jackson's new offense level for the quantity of drugs involved would be level 28 (The equivalent of between 400 to 700 kilograms of marijuana). He would still receive an additional 2 levels for possession of a dangerous weapon, for a total adjusted offense level of 30. If the Court were to grant the defendant's motion, his new sentencing range would be 168-210.

II.    RETROACTIVE APPLICATION OF THE AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622

version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

(4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

>   (B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3)   <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Among the factors the Court is to consider when determining whether or not a reduction in a defendant's term of imprisonment is warranted and the extent of any such reduction are 1) the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and 2) any post sentencing conduct of the defendant. *Commentary, Application Notes 1.(B)(ii) and (iii)*.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline

---

[3] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### III. A REDUCTION IN SENTENCE IS NOT WARRANTED IN THIS CASE BECAUSE OF PUBLIC SAFETY CONSIDERATIONS

The retroactive application of the amendments to U.S.S.G. § 2D1.1 is discretionary. When exercising that discretion, the courts must be sensitive to the concerns about releasing defendants to the streets who pose a danger to the public.

The need to protect the public from the defendant's criminal propensities still remains one of the primary functions of punishment and incarceration.

The original pre-sentence report in this case describes Mr. Jackson's criminal history and danger to the community in great detail. Paragraph 138 provides a useful summary:

> "In addition to the instant offense, which involved the possession of handguns and drugs, the defendant has at least 15 prior convictions. Among those are convictions for Driving While License Suspended (innumerable), Concealment of Merchandise, Criminal Mischief, Criminal Trespass (x2), Resisting Arrest (x 3), Violations of Terms and Conditions, Leaving the Scene of a Motor Vehicle Accident, Driving While Intoxicated, Unauthorized Use of a Vehicle, Misconduct Involving Controlled Substance in the Third Degree (x3) and Misconduct Involving Controlled Substance in the Fourth Degree (x 2). During periods of incarceration, the defendant has been cited for at least ten infractions. During periods of probation, the defendant committed numerous violations of probation, including new offenses. The defendant absconded from probation in Texas and came to Alaska. The defendant has numerous other arrests, including arrests for Misconduct Involving Controlled Substance in the Fourth degree, Assault in the Third degree (x2 - involved the use of a knife and resulted in injuries to the defendant and victim), Burglary and Kidnapping (defendant assisted a codefendant by restraining the victim). Given the defendant's extensive criminal history, somewhat assaultive criminal history and possession of guns and drugs, the defendant is assessed as a risk to the public in general."

Mr. Jackson's lengthy history of criminal behavior earned him a Criminal History Category of VI, even prior to his multiple felony convictions in this case. He has had two additional infractions to date while in custody for the instant offenses. In the interest of public safety, the United States opposes the

defendant's motion for re-sentencing. Even if the Court were to grant defendant's motion, his original sentence of 210 months would remain within his new guideline range (168-210), and the United States would argue that a high end sentence is appropriate. No new sentencing hearing is necessary.

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's 18 U.S.C. §3582(c) motion for a reduction in sentence. No new hearing is required. The Court has just reason to conclude that the defendant remains a danger to the community and that the original sentence was appropriate.

RESPECTFULLY SUBMITTED this 8th day May, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Kevin Feldis
KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.go

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008
a copy of the foregoing **RESPONSE**
**IN OPPOSITION TO 18 U.S.C. § 3582(c)**
**MOTION** was served electronically on:

Lance C. Wells,
Counsel for Defendant


s/ Kevin Feldis
Assistant U.S. Attorney