Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIE K. JACKSON, )<br>)<br>Defendant. )<br>_____) | Case No. 3:04-cr-00141-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF REPLY
TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

**I.   Facts.**

On November 30, 2005, a jury returned guilty verdicts against the defendant on two counts of possession of cocaine base with intent to distribute based on two separate incidents, one count of possession of cocaine with intent to distribute and one count of felon in possession of a firearm. The jury was unable to make a determination on the charge of possession of a firearm on furtherance of a drug trafficking offense, and the government dismissed a second felon in possession charge based on what appears to be lack of evidence.

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)
United States of America v. Willie K. Jackson"*
*Case No. 3:04-cr-00141 RRB*                                    *Page 1 of 6*

Mr. Jackson was sentenced on March 14, 2006, for a period of 210 months in prison. The court found the defendant responsible under relevant conduct for 38.5 grams of cocaine powder, 36.9 grams of cocaine base and 1.9 grams of marijuana. Offense Level 30. Mr Jackson received an additional 2 point enhancement for possesing a dangerous weapon.  The above placed Mr. Jackson within Offense Level 32. Mr. Jackson's Criminal History was VI. Based upon the above, Mr. Jackson had a sentencing range of 210—262 months of incarceration.

## II. Argument.

At the time of sentencing, the court found Mr. Segura to have an adjusted base offense level of 32, and Criminal History category VI. Defendant was not found to be a career offender, that he was not susceptible to the criminal livelihood enhancement, nor was he an armed career offender. Mr. Jackson was sentenced to 210 months. His sentencing range at the time was 210-262 months or possible incarceration under the then mandatory USSG.

Subsequent to defendant having been sentenced, on November 1, 2007, Amendment 706 became effective. This amendment reduced the base offense level for most cocaine base (crack) offenses by 2 levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under § 1B1.10(c), effective March 3, 2008. Amendment 706 was

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Willie K. Jackson"*
*Case No. 3:04-cr-00141 RRB                                    Page 2 of 6*

further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the Drug Conversion Chart, which is employed where the offenses of conviction involved crack as well as other controlled substances. In Amendment 706, the Commission generally reduced by 2 levels the offense levels applicable to crack cocaine offenses. Mr. Jackson timely filed a motion for resentencing pursuant to 18 U.S.C. § 3582(C) after the amendments went into effect and were declared retroactive. Mr. Jackson, as will be seen below, should receive the benefit of a 2 level reduction.

In reviewing the Government's Opposition to Defendant's Motion for Reduction of Sentence, the government simply agues that the defendant should not receive the two point reduction because he is a danger to public safety.

While it is correct that Mr. Jackson does have a somewhat extensive criminal history for the purpose of sentencing, it should be noted that much of Mr. Jackson's prior judgments are for a multitude of misdemeanors, many of which are DWLR (innumerable is the word used by the government), shoplifting, criminal trespass, resisting arrest and leaving the scene of an accident. The defendant has also received several petitions to revoke probation from different states as well. Mr. Jackson further has three prior drug felonies for MICS 4% and MICS 3%

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Willie K. Jackson"*
*Case No. 3:04-cr-00141 RRB*                                    *Page 3 of 6*

(2x). Defendant has no convictions for assault 3%, kidnapping, or burglary upon a review of the final PSR prepared in this matter.

Simply put, the defendant is a drug addict and is addicted to crack cocaine. His crimes when looked at as a whole reflect a problem with the use of drugs by Mr. Jackson, at least until the point of incarceration. This court did not give up on Mr. Jackson. He was not found to be a worst offender, or to qualify for an enhancement under criminal livelihood. He was sentenced at the low end of the then mandatory USSG.

The government then goes on to state that there have two other infractions incurred by Mr. Jackson while incarcerated. Just what they are is not elaborated upon, by the government. One must assume then that they must have been very minor, and warranting little if any action on anyone's part.

Mr. Jackson should have his sentenced reduced by two levels, for Base Offense Level 28 (between 400-700 kilos of marijuana), plus two additional points for the handgun, would result in a adjusted base offense level of 30, Criminal History VI: Advisory sentencing range: 168-210. The court should impose sentence on the low end of the now advisory range. This court should not simply give up on Mr. Jackson as he is able to be rehabilitated. The court gave Mr. Jackson previously the bottom of the advisory range. It should be the same now. Mr. Jackson

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Willie K. Jackson"*
*Case No. 3:04-cr-00141 RRB                                           Page 4 of 6*

still has months and months left of incarceration. It is hoped that when he has served his sentence, he will then become a productive member of society. There is no reason not to give Mr. Jackson the two points off he is requesting and this final opportunity to change his life for the better. The government does not dispute and in fact concedes that the crack amendments apply squarely to Mr. Jackson.

## II. Conclusion.

Mr. Jackson should be sentenced under an offense level 30, Criminal History VI, with an advisory sentencing range of 168-210 months. Mr. Jackson should be sentenced to the low end of this range of 168 months. For the foregoing reasons, the government's motion and opposition must be denied

DATED at Anchorage, Alaska, this 12th day of May 2008.

LAW OFFICES OF LANCE C. WELLS, P.C.

By: _/s/ Lance C. Wells_____
Attorneys for defendant,
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on

May 12, 2008, a copy
of the foregoing was served
electronically:

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Willie K. Jackson"*
*Case No. 3:04-cr-00141 RRB                                      Page 5 of 6*

Kevin Feldis, AUSA

 /s/ Lance C. Wells

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
<u>*United States of America v. Willie K. Jackson*</u>"
*Case No. 3:04-cr-00141 RRB*                                               *Page 6 of 6*