Willie Jackson
3901 Klein Boulevard
Lompoc, Califronia 93436

**ORIGINAL**

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JUN 0 2 2008

FILED _____
DOCKETED _____
        DATE    INITIAL

RECEIVED

JUN 0 9 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 06-30182 |
| Plaintiff - Appellee, | ) D.C. No. CR-04-00141-a-RRB |
| | ) District of Alaska |
| v. | ) Anchorage |
| WILLIE KEITH JACKSON, | ) **MOTION FOR** |
| | ) **EXPEDITED** |
| Defendant - Appellant. | ) **CONSIDERATION:** |
| | ) OF ORDER AT DOCKET |
| | ) NO. 277 |
| | ) DENYING PRESIDING |
| | ) JUDGE'S ORDER AT |
| | ) DOCKET NO. 265 |
| | ) WHILE AT THE SAME |
| | ) TIME DENYING |
| | ) JACKSON'S RIGHT TO |
| | ) SELF-REPRESENTATION |

The pro se Defendant has never submitted a "Motion for Self-Representation at Docket 265", and therefore his *Notice of Self-Representation* [Attached] has not been properly addressed, and Docket # 265 is actually the *Order Staying Action* [at Docket # 265, Attached]. Which was in response to the *pro se Motion for Sentencing Reduction of non-final Sentence under 18 U.S.C. § 3582(c)(2) [with consideration*

-1-

*given to factors set forth in 18 U.S.C. § 3553] and enlight of the recent Supreme Court Decision(s) in Kimbrough and Gall* at Docket # 264 [Attached], filed by Jackson on January 11, 2008 (long before the February 23, 2008 Letter from Lance Wells informing Jackson, "I have filed paperwork with the court requesting reappointment so that I may move the court to reduce your sentence". See Attached Letter by Lance Wells.

It is the *Order Staying Action* [issued by Judge Beistline] at Docket # 265, which: (1) gave Jackson "**leave to re-file on or after March 3, 2008**"; and (2) gave Jackson the opption ["**Mr. Jackson may file an application for counsel with new motion for re-sentencing**"] to request Counsel. Of which, Jackson did not fill-out or return to the Court, "form USDCA 40, Application for Appointment of Counsel, and a form CJA 23,...". See *Order Statying Action* at # 265.

The mere fact (though Jackson has not seen any of the filings filed in his behalf by Lance Wells, or ever talk to him since being informed by letter that he filed paperwork in Jackson's behalf) that an attorney files paperwork **without request having been made by client or court, no entry of appearance having been filed, nor ever being appointed at a prior time by the district court** in order to be "**re-appointed**" now, is not a

-2-

justification for forcing counsel on a defendant. Even if the cousel issue was properly before the District Court [*to which Jackson contends is not an issue properly before the District Court*], under <u>Godinez v. Moran</u> [509 U.S. at 398 - 400 113 S.Ct. at 2686 - 87] the "considerable experience working with Defendant in the past and, based thereon [and] ... the limited nature of the issue involved" would not be enough to deprive Jackson of the right to self-representation "...***the competence that is required of a defendant seeking to waive his right to counsel is the competence to <u>waive the right</u> not the competence to represent himself...***". Also see <u>Wood v. Dretke</u>, 386 F. Supp. 2nd 820 (W.D. Tex 2005).

    Given the reasons set-out above, Jackson request that this Court direct the Lower Court to recognize Jackson as *pro se*, and fulfill his original request within his <u>Notice of Self-Representation</u>: "...Jackson request an up-to-date Docket sheet, and a copy of any Filings filed in his behalf or other Documents that make reference to Jackson". To include most current information.

Dated May 27 , 2008, Lompoc, California.

*Willie Jackson*
Willie Jackson
Pro se

*I certify that a copy of the foregoing was sent by U.S.Mail To: Kevin Feldis - Assistant U.S. Attorney*